This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## John Lee Smith, JR v. Marion County Sheriff, et al., Wellpath, Correct Care Solutions

| | |
|---|---|
| Case Number | 49D04-2206-PL-019908 |
| Court | Marion Superior Court 4 |
| Type | PL - Civil Plenary |
| Filed | 06/14/2022 |
| Status | 06/14/2022 , Pending  (active) |

## Parties to the Case

| | |
|---|---|
| Defendant | Sheriff, et al., Marion County |
| Defendant | Solutions, Wellpath, Correct Care |
| Plaintiff | Smith Jr., John Lee |

Attorney
Kay A. Beehler
*#1077749, Retained*

313 S Fruitridge AVE
Terre Haute, IN 47803
410-591-1859(W)

## Chronological Case Summary

| 06/14/2022 | **Case Opened as a New Filing** | |
|---|---|---|

| 06/15/2022 | **Appearance Filed** | |
|---|---|---|
| | Appearance of Counsel | |
| | For Party: | Smith, John Lee JR |
| | File Stamp: | 06/14/2022 |

| 06/17/2022 | **Jury Trial Demand Filed** | |
|---|---|---|
| | COMPLAINT FOR DAMAGES | |
| | Filed By: | Smith, John Lee JR |
| | File Stamp: | 06/16/2022 |

| 06/30/2022 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Alexander.pdf | |
| | Campbell.pdf | |
| | Cannonier.pdf | |
| | Collins.pdf | |
| | Brown - Ayana.pdf | |
| | Clark.pdf | |
| | Brewer.pdf | |
| | Cutshall.pdf | |
| | Dr. Gachaw.pdf | |
| | Fields.pdf | |
| | Crabtree.pdf | |
| | Forestal.pdf | |
| | Summonses | |
| | Filed By: | Smith, John Lee JR |
| | File Stamp: | 06/29/2022 |

| 06/30/2022 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Gray.pdf | |
| | Hendry.pdf | |
| | Kottraba.pdf | |
| | Henry.pdf | |
| | Hayden.pdf | |
| | Mansfield.pdf | |
| | Reel.pdf | |
| | MCSD.pdf | |
| | Reeves.pdf | |
| | Middleton.pdf | |
| | Roberts.pdf | |
| | Smith - Eric.pdf | |
| | Sisco.pdf | |
| | Talbot.pdf | |
| | Shaw.pdf | |
| | Summonses | |
| | Filed By: | Smith, John Lee JR |
| | File Stamp: | 06/29/2022 |

| 06/30/2022 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Ulayi.pdf | |
| | Williams.pdf | |
| | Wellpath - CCS.pdf | |
| | Watley.pdf | |
| | Sumonses | |
| | Filed By: | Smith, John Lee JR |
| | File Stamp: | 06/29/2022 |

07/05/2022   **Service Issued**

summs on deputy sisco

07/05/2022   **Service Issued**

summs on tanya shaw

07/05/2022   **Service Issued**

summs on gabra cachaw md

07/05/2022   **Service Issued**

summs on deputy talbot

07/05/2022   **Service Issued**

summs on marsha cannonier

07/05/2022   **Service Issued**

summs on briann campbell

07/05/2022   **Service Issued**

summs on deputy reel

07/05/2022   **Service Issued**

summs on rachel crabtree

07/05/2022   **Service Issued**

summs on barbara reeves

07/05/2022   **Service Issued**

summs on nurse hayden

07/05/2022   **Service Issued**

summs on marion county sheriff dept

07/05/2022   **Service Issued**

summs on kerry forestal

07/05/2022   **Service Issued**

summs on supervisor middleton

07/05/2022   **Service Issued**

summs on supervisor alexander

07/05/2022   **Service Issued**

summs on mr. gray

07/05/2022   **Service Issued**

summs on eric smith

07/05/2022   **Service Issued**

summs on mr. collins

07/05/2022   **Service Issued**

summs on mr. williams

| 07/05/2022 | **Service Issued** |
| | summs on deputy roberts |

| 07/05/2022 | **Service Issued** |
| | summs on deputy henry |

| 07/05/2022 | **Service Issued** |
| | summs on tina fields |

| 07/05/2022 | **Service Issued** |
| | summs on deputy hendry |

| 07/05/2022 | **Service Issued** |
| | summs on lt. clark |

| 07/05/2022 | **Service Issued** |
| | summs on deputy ulayi |

| 07/05/2022 | **Service Issued** |
| | summs on mr. williams |

| 07/05/2022 | **Service Issued** |
| | summs on mr. mansfield |

| 07/05/2022 | **Service Issued** |
| | summs on officer dustin brewer |

| 07/05/2022 | **Service Issued** |
| | summs on ayana brown |

| 07/05/2022 | **Service Issued** |
| | summs on deputy watley |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Smith Jr., John Lee**

Plaintiff

**Balance Due** (as of 07/07/2022)

**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 185.00 | 0.00 | 185.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 06/15/2022 | Transaction Assessment | 157.00 |
| 06/15/2022 | Electronic Payment | (157.00) |
| 07/06/2022 | Transaction Assessment | 28.00 |

| Date | Description | Amount |
|------|-------------|--------|
| 07/06/2022 | Counter Payment | (28.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE SUPERIOR COURT |
| COUNTY OF MARION | ) | |
| | ) | CASE NUMBER:_____ |

JOHN LEE SMITH, Jr.
as Administrator of the
ESTATE OF JAMES LEROY SMITH, Plaintiff

vs.

MARION COUNTY SHERIFF'S DEPARTMENT
aka SHERIFF KERRY FORESTAL;
WELLPATH aka CORRECT CARE SOLUTIONS,
EMPLOYEES and/or CONTRACTORS of
WELLPATH aka CORRECT CARE SOLUTIONS,
DEPUTY SHERIFFS AND CIVILIAN EMPLOYEES OF
THE MARION COUNTY SHERIFF'S DEPARTMENT,
in their individual and official capacities, including but
not limited to the following persons,
CARIN KOTTRABA, M.D., FNU GASHAW, M.D., TINA FIELDS, LPN,
BRIANN CAMPBELL, NURSE, MARSHA CANNONIER, NURSE, RACHEL
CRABTREE, NURSE, AYANA BROWN, MHT, FNU HAYDEN, NURSE, BARBARA
REEVES, MHT, TANYA SHAW, LPN, DETECTIVE DEPUTY REEL, DETECTIVE
DEPUTY CUTSHALL, DETECTIVE DEPUTY ULAYI, OFCR. DUSTIN BREWER,
ERIC SMITH, DEPUTY ROBERTS, DEPUTY SISCO, DEPUTY HENRY, DEPUTY
TALBOT, DEPUTY HENDRY, DEPUTY WATLEY, FNU CLARK, LT. ,
SUPERVISOR ALEXANDER, SUPERVISOR MIDDLETON, CIVILIAN
MANSFIELD, CIVILIAN COLLINS, CIVILIAN GRAY, CIVILIAN WILLIAMS  and
INDIVIDUALS UNKNOWN AT THIS TIME WHO MAY BECOME KNOWN
THROUGH DISCOVERY, Defendants.

## **APPEARANCE BY ATTORNEYS IN CIVIL CASE**

1.    The party on whose behalf this form is being filed is:
      Initiating  X        Responding ___        Intervening ____ and

      the undersigned attorneys listed on this form now appear in this case for
      the following parties:

JOHN LEE SMITH, Jr.                    Address: 446 S. 21st Street,
as Administrator of the                Terre Haute, IN 47803
ESTATE OF JAMES LEROY SMITH            Telephone: 812-605-8205

2.      Attorneys for Plaintiff:

/s/ *Kay A Beehler*              /s/ *Christopher P. Shema*
Kay A. Beehler                 Christopher P. Shema
Attorney at Law                Attorney at Law
Ind. Bar No. 10777-49          Ind. Bar No.18494-84
313 S. Fruitridge Ave.         506 Ohio Street, Suite 1
Terre Haute, IN 47803          Terre Haute, IN 47808
410-591-1859                   812-234-2959
Beehler924@gmail.com           Cshema@shemalaw.com

Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana
Supreme Court Roll of Attorneys is current and accurate as of the date of
this Appearance;

(b) acknowledges that all orders, opinions, and notices from the court in
this matter that are served under Trial Rule 86(B) will be sent to the
attorney at the email address(es) specified by the attorney on the
Roll of Attorneys regardless of the contact information listed above
for the attorney; and

(c) understands that he/she is solely responsible for keeping his/her Roll of
Attorneys contact information current and accurate, see Ind. Admis. Disc.
R. 2(A)

3.      This is a Civil Plenary("PL")  case type as designated by Ind.
        Adm. Rule 8(B)(3).
4.      This case DOES NOT involve child support.
5.      This case DOES NOT involve a protective order.
6.      This case DOES NOT involve an involuntary commitment.

7.      There is ONE related case:  In the Estate of James
                                    Leroy Smith, Cause No. 77C01-2103-000020
8.      No additional information.

9.      There are no other party members.

10.     This form will be served upon all Defendants at the time of service of the
        Complaint and Summons.
                                    /s/ *Kay A Beehler*
                                    Kay A. Beehler

2

**IN THE INDIANA SUPERIOR COURT, Division 4
FOR MARION COUNTY**

**Cause No. 49D04-2206-PL-019908**

JOHN LEE SMITH, Jr.
as Administrator of the
ESTATE OF JAMES LEROY SMITH, Plaintiff

vs.

MARION COUNTY SHERIFF'S DEPARTMENT
aka SHERIFF KERRY FORESTAL;
WELLPATH aka CORRECT
CARE SOLUTIONS, EMPLOYEES and/or
CONTRACTORS of WELLPATH aka
CORRECT CARE SOLUTIONS,
DEPUTY SHERIFFS AND CIVILIAN
EMPLOYEES OF THE MARION COUNTY
SHERIFF'S DEPARTMENT,
in their individual and official capacities,
including but not limited to the following:

| | |
|---|---|
| CARIN KOTTRABA, M.D., | ERIC SMITH, |
| GABRA GACHAW, M.D., | DEPUTY ROBERTS, |
| TINA FIELDS, LPN, | DEPUTY SISCO, |
| NURSE BRIANN CAMPBELL, | DEPUTY HENRY, |
| NURSE, MARSHA CANNONIER, | DEPUTY TALBOT, |
| NURSE, RACHEL CRABTREE, | DEPUTY HENDRY, |
| NURSE, AYANA BROWN, | DEPUTY WATLEY, |
| FNU HAYDEN, NURSE, | FNU CLARK, LT. , |
| BARBARA REEVES, MHT, | SUPERVISOR ALEXANDER, |
| TANYA SHAW, LPN, | SUPERVISOR MIDDLETON, |
| DETECTIVE DEPUTY REEL, | CIVILIAN MANSFIELD, |
| DETECTIVE DEPUTY CUTSHALL, | CIVILIAN COLLINS, |
| DETECTIVE DEPUTY ULAYI, | CIVILIAN GRAY, |
| OFCR. DUSTIN BREWER, | CIVILIAN WILLIAMS |

and
INDIVIDUALS UNKNOWN AT THIS TIME WHO MAY BECOME KNOWN
THROUGH DISCOVERY (Defendants.)

1

# COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

## Nature of the Case

John Lee Smith, Jr. ("John") on behalf of the Estate of James Earl Smith ("James"),  brings this action for damages against the Marion County Sheriff's Department (AKA Sheriff Kerry Forestal), Wellpath, L.L.C., AKA Correct Care Solutions, ("CCS") and other unknown employees and or contractors of the Marion County Jail (MCJ) in their individual and official capacities. The Defendants recklessly and indifferently failed to properly supervise employees, protect James Leroy Smith, and provide medical care and accommodations in violation of the 4th, and 14th Amendments to the United States Constitution. Furthermore, the Defendants committed the Indiana torts of negligence that proximately caused the extreme bodily injuries resulting in the wrongful death of James Leroy Smith that are actionable under Indiana tort law.

## A. Jurisdiction and Venue

1.      This Court has proper jurisdiction under I.C. 34-13-3-8 and Indiana Common Law.

2.      All Defendants are residents of Indiana or performed acts germane to this lawsuit within this State.

3.      Marion County is the preferred venue under Indiana Rule of Trial Procedure 75(A), as the allegations contained within this complaint arise out of conduct that occurred within it and most, if not all, witnesses reside in Marion County.

## B. Parties

4.     James was, at all times relevant to this action, a citizen and resident of Indiana. John is the brother of James, and is administrator of James' estate, by virtue of the Order of the Circuit Court of Sullivan County, Indiana, Cause No. 77C01-2103-ES-20 .

5.     The Marion County Sheriff's Department ("MCSD") is located in Indianapolis, Indiana. Kerry Forestal, elected sheriff of Marion County, and his department are responsible for operating the Marion County Jail ("MCJ") which is also located in Indianapolis, Indiana.

6.     Defendant Wellpath L.L.C. ("Wellpath"), is a foreign corporation headquartered in Tennessee doing business in Indiana as Correct Care Solutions (hereinafter "CCS"), and operates as a for-profit foreign corporation in Indiana; It was, at the time of the events giving rise to James' claims, providing medical care to inmates and pretrial detainees in the MCJ.

7.     Certain individuals, both known and unknown, were either employed by or contracted with MCSD or CCS, who were responsible for the health and safety of James. These individuals are sued in their individual and official capacity.

## Conditions Precedent

8.     The Plaintiff has fulfilled all conditions precedent to the institution of this Lawsuit, including timely and proper notice of the State Tort Claim.

## Factual Allegations

9.    MCSD contracted with CCS to provide medical care and services to inmates and pretrial detainees housed in the MCJ.

10.    At all relevant times herein the contract between MCSD and CCS was in effect. (See Exhibit A).

11.    The contract between MCSD and CCS is a Professional Service Agreement. ("PSA").  The Contract referenced above (Exhibit A) includes provisions that define the standard of care and safety of mentally ill inmates.

12.    At all times relevant herein, individual Defendants were employed by, or contracted with, MCSD or CCS.

13.    It is foreseeable that staff the MCSD and CCS would encounter inmates who suffer from mental illness that would require individualized attention.

14.    The PSA defines the scope of care and services for mentally ill persons in Defendants' care; It includes, but is not limited to:  (1) Crisis intervention and referral and/or commitment for inmates who require more intensive care than available at the Facility; (2) Regular group and individual counseling sessions as appropriate; (3) Individual treatment plans, regularly updated, for inmates requiring ongoing monitoring and/or care; (4) Psychiatric evaluation of inmates exhibiting unusual or bizarre behavior; (5) Monitoring of all inmates receiving psychotropic medication, including appropriate laboratory studies; (6) Development of policies and procedures for distribution of psychotropic medication to maximize the potential for safety and compliance; (7) AIMS assessment for tardive dyskinesia to be accomplished as necessary; (8) Development of suicide prevention procedures to be followed by health care

staff; (9) On-going training of all Facility staff on relevant mental health topics; (10) Thorough documentation of service delivery in the health record; (11) Maintenance of logs, reports, and service delivery; and (12) Participation in administrative meetings and Quality Improvement Program. (See Exhibit A, Section 2 (n)(1)-(12).

15.     The PSA requires that the "Contractor will provide Twenty-four (24) hour on-call services for inmates experiencing crisis, psychosis, or an emotional/cognitive disorder."

16.     On or about August 22, 2020, the Sheriff of Sullivan County transferred James to the MCJ for "safekeeping"; this transfer was necessary because Sullivan County was unable to provide for Smith's wellbeing and safety in light of his mental illness and associated behaviors and Marion County Jail purported to be a competent facility to keep safe mentally ill persons awaiting trial.

17.     Before placing James at the Marion County Jail for safekeeping, the Sullivan County Sheriff notified the MCSD of James' history of mental illness thereby providing actual notice of his specific needs to the MCSD and CCS.

18.     Specifically, Defendants were on notice and knew, or should have known, of James's verbally explosive reactions to being forced into close proximity to other inmates.

19.     Defendants were aware that James reported being threatened, and hearing other inmates planning to harm him.

20.     During the course of his incarceration at the Marion County Jail, Defendants failed to properly protect him and failed to take proper responsive action to keep him safe.

21.     During the course of his incarceration at MCJ, Defendants failed to adequately supervise other inmates who had access to James, thereby creating an imminent threat of bodily harm to him.

22.     Other MCSD and CCS employees could have been responsible for James' care and safety, but these names are currently unknown to Plaintiff.

23.     Despite actual and constructive notice that individuals within the jail threatened James with violence, Defendant's individually and collectively failed to take reasonable measures to respond and keep James safe.

24.     In the early morning hours of October 17, 2020, employees of the MCSD and CCS found James dead, covered in blood and urine, outside of his cell.

25.     The Chief Forensic Pathologist for Marion County, Christopher K. Poulos, M.D.,  concluded that the cause of James's death was "multiple blunt force trauma injuries", and the manner of death was "homicide".

26.     Defendants knew, or should have known, that James suffered an acute psychiatric breakdown on October 10, 2020, seven days before his homicide.

27.     Defendants failed to properly respond to James's acute psychiatric breakdown on October 10, 2020, seven days before he was murdered.

28.     MCSD repeatedly failed to take appropriate protective measures despite actual knowledge of the threats to James' safety.

29.    Records of the MCSD and CCS show that James repeatedly complained to Defendants of threats made by other inmates.

30.    At all times relevant to this action, the Defendants' were acting within the scope of their employment and under color of state law.

31.    In October of 2020 James was one of two inmates killed in the Marion County Jail within a week, which demonstrates *prima facie* evidence of an ongoing pattern and practice of deliberate indifference to residents in the care and custody of the Marion County Jail and CCS.

32.    Studies into jail deaths in America during the 11 year period of 2009-2019 concluded that deaths in the Marion County Jail were 2-3 higher than the national average when compared to comparable facilities. *See* https://www.reuters.com/Investigates/special-report/usa-jails-deaths.

## STATEMENT OF CLAIMS

### Count I –State Law Claims of Negligence/Wrongful Death against all Defendants (Known and Unknown)

33.    Plaintiff incorporates all allegations recited in all preceding paragraphs as if fully recited herein.

34.    Defendants owed James a duty of care, and were negligent in their failure to provide a safe environment and proper care to him.

35.    The conduct of the individual Defendants was wanton, knowingly and recklessly indifferent.

36.    MCSD and CCS are liable for the actions of their employees acting within the scope of their employment.

37.    MCSD's repeated failures to protect James's constituted wanton disregard, of a known threat of severe bodily harm or imminent death made to a person in their care and custody.

38.    James's homicide was forseeable and MCSD's repeated failures to protect James was the proximate cause of James's homicide.

## Count II –Constitutional Claims Under 42 U.S.C.A.§ 1983 (Against all known and unknown individual Defendants)

39.    Plaintiff re-alleges and incorporates by reference as if fully recited herein all preceding paragraphs.

40.    The Defendants failure to monitor, protect and properly care for James constitutes a gross violation of his substantive rights guaranteed by the 14th Amendment of the U.S. Constitution, codified in 42 U.S.C.A. § 1983.

41.    The Defendants' reckless and deliberate indifference in failing to provide adequate protection and care for James constitutes proximate cause of his suffering and homicide.

42.    Defendants' deliberate indifference and wanton disregard of James' constitutional right to be kept safe and to receive proper care is part of a *de facto* pattern, practice and custom at the MCJ in violation of the Fourteenth Amendment.

43.    By way of this claim, Plaintiff seeks all available compensatory and punitive damages, remedies, and just relief, including recovery of attorney fees and costs.

40.     The fact that James was the second victim of a homicide in the MCJ within a week and that MCJ has a documented history of inmate deaths 2-3 times higher than the national average for comparable facilities constitutes *prima facie* evidence of an ongoing pattern, practice and custom of deliberate indifference to residents in their care and constitutes independent grounds for Plaintiff's claims under 42 U.S.C.A. § 1983.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays for relief and judgment, as follows:

I.      An award of compensatory damages in favor of Plaintiff against all Defendants jointly and severally, for damages sustained as a result of Defendants' wrong-doing.

II.     An award of punitive damages in favor of Plaintiff against all individual Defendants jointly and severally, to punish Defendants' wrong-doing, and deter the Defendants' from continuing a pattern, practice and custom of wanton and callous indifference to the safety of those in their care;

III.    An award of the reasonable costs and expenses incurred by this Plaintiff in this action, including attorney fees provided by 42 U.S.C.A §1983 and all such damages as provided under state law; and

IV.     Such other and further relief as the Court may deem just and proper.


Respectfully submitted,

/s/ *Kay A Beehler*              /s/ *Christopher P. Shema*
Kay A. Beehler                   Christopher P. Shema
Attorney at Law                  Attorney at Law
Ind. Bar No. 10777-49            Ind. Bar No.18494-84

313 S. Fruitridge Ave.                    506 Ohio Street, Suite 1
Terre Haute, IN 47803                     Terre Haute, IN 47808
410-591-1859                              812-234-2959
Beehler924@gmail.com                      Cshema@shemalaw.com

## JURY TRIAL DEMAND

Plaintiff respectfully requests that this matter be tried by a jury, pursuant to

the Indiana Trial Rules and Federal Rules of Civil Procedure on all issues.


Respectfully submitted,

/s/ *Kay A Beehler*                       /s/ *Christopher P. Shema*
Kay A. Beehler                            Christopher P. Shema
Attorney at Law                           Attorney at Law
Ind. Bar No. 10777-49                     Ind. Bar No.18494-84
313 S. Fruitridge Ave.                    506 Ohio Street, Suite 1
Terre Haute, IN 47803                     Terre Haute, IN 47808
410-591-1859                              812-234-2959
Beehler924@gmail.com                      Cshema@shemalaw.com



## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 16, 2022 a copy of the foregoing was filed
electronically. Service will be effectuated by Summons and in accordance with
the Indiana Rules of Trial Procedure.

/s/ *Kay A Beehler*                       /s/ *Christopher P. Shema*
Kay A. Beehler                            Christopher P. Shema

**FIRST AMENDMENT TO PROFESSIONAL SERVICES AGREEMENT**
**BY AND BETWEEN**
**THE MARION COUNTY SHERIFF'S DEPARTMENT OF MARION COUNTY, INDIANA**
**AND**
**CORRECT CARE SOLUTIONS, LLC**

This First Amendment to that certain Professional Services Agreement by and between Correct Care Solutions, LLC (hereinafter "Contractor") and The Marion County Sheriff's Department of Marion County, Indiana (hereinafter "MCSD") effective January 1, 2010 (hereinafter "Agreement") is hereby entered into as of May 1, 2010 (hereinafter "Amendment").

WHEREAS, Contractor and MCSD entered into the Agreement for purposes of Contractor providing medical serves to the inmates of MCSD;

WHEREAS, pursuant to Section 12 of the Agreement, Contractor and MCSD wish to amend the Agreement under the terms and conditions set forth below.

NOW THEREFORE in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed:

1. The parties hereto incorporate the foregoing recitals as a material portion of this Amendment.

2. The parties agreed to extend the time frame in which they will work with Wishard Health Services to analyze certain financial information to determine if there is a basis for renegotiation of the Cost Sharing terms set forth in Section 12 of the Agreement. As a result, the timeframe for such work set forth in sub-section 12(d) to the Agreement is amended to read "105 days" instead of "75 days".

3. The parties agree to amend Section 3(f) (Utilization Review) by adding the following provision to the end of such section:

   > **Contractor shall staff a case manager to review and manage the work set forth herein this paragraph.**

4. The parties agree to adjust the Base Compensation amounts set forth in Section 12(a) to the Agreement (Base Compensation) to reflect the costs associated with adding the case manager set forth in paragraph 2 of this Amendment, as follows:

| Year # | Period Covered | Annual Base Amount | Monthly Base Amount |
|--------|---------------|--------------------|--------------------| 
| 1 | 1/1/2010-12/31/2010 | $10,080,000.00 | $840,000.00 |
| 2 | 1/1/2011-12/31/2011 | $10,665,000.00 | $888,750.00 |
| 3 | 1/1/2012-12/31/2012 | $11,284,222.00 | $940,351.83 |
| 4 | 1/1/2013-12/31/2013 | $11,939,669.00 | $994,972.41 |

5. The parties agree to delete Sections 12(b) to the Agreement (Per Diem Adjustment), and replace it with the following provisions:

(b)     Per Diem Adjustment. The monthly payments set forth above, anticipate a combined average daily inmate population of 1,200 for collectively both Jail One and City County Building (Central Receiving) ("ADP"). In the event the ADP fluctuates greater or lower than anticipated above, the following adjustments to the Monthly Base Amount shall be made as follows:

(1)     If the ADP for any given month is less than 1,100, then Contractor shall issue a credit for each such month to MCSD calculated as follows: (1,100 - ADP) x ($1.79) x (number of days in the month). This amount will be deducted from the payment to Contractor immediately following a monthly reconciliation related to per diem adjustments, and such deduction shall specifically set forth the calculation of such deduction.

(2)     If the Average Daily Population for the month exceeds 1,200, then MCSD shall issue an additional payment for each such month of ADP excess and the payments shall be calculated as follows: (ADP – 1,200) x ($1.79) x (number of days in the month). This amount will be paid separately to Contractor on or before 30 days after any monthly reconciliation related to per diem adjustments, and such payment shall specifically set forth the calculation of such payment increase.

Average daily population as stated above shall be determined from the facilities' records and calculated and adjusted as set forth in this paragraph, and shall be calculated by adding, for a given month the daily inmate population contained in the Sheriff's daily status reports and dividing such sum by the number of days in the month.

The per diem adjustment is intended to cover additional costs in those instances where minor, short-term increases in the inmate population result in the higher utilization of routine supplies and services. However, the per diem is not intended to provide for any additional fixed costs, such as new staffing positions, which might prove necessary if the inmate population grows significantly and if the population increase is sustained.

6.  The parties agree to delete Section 12(c) to the Agreement (Cost Sharing), and replace it with the following provisions:

(c)     Cost Sharing. Contractor shall be responsible for managing all aspects of Off-Site and Pharmacy Costs, and shall furthermore be responsible for the payment of all such costs, subject to the cost-sharing adjustments set forth in the paragraph immediately below.

With respect to the costs associated with all pharmaceuticals, off-site care and services and on-site dialysis (collectively "Off-Site and Pharmacy Costs"), Contractor shall be financially responsible for all Off-Site and Pharmacy Costs incurred up to Four Million Five Hundred Dollars ($4,500,000) (in the aggregate) per contract year (January through December), subject to the following cost sharing provisions. In the event less than Three Million Five Hundred Dollars ($3,500,000) in Off-Site and Pharmacy Costs are incurred (in

the aggregate) during any contract year by Contractor, Contractor shall refund to the MCSD fifty percent (50%) of such unspent dollars below Three Million Five Hundred Thousand Dollars ($3,500,000). In the event more than Three Million Five Hundred Thousand Dollars ($3,500,000), but less than Four Million Five Hundred Thousand Dollars ($4,500,000) in aggregate Off-Site and Pharmacy Costs are incurred during any contract year by Contractor, then MCSD shall reimburse to Contractor fifty percent (50%) of such overage costs. Notwithstanding such cost sharing of Off-Site and Pharmacy Costs, MCSD shall be fully financially responsible for all Off-Site and Pharmacy Costs incurred by Contractor greater than Four Million Five Hundred Thousand Dollars for any given contract year and shall reimburse Contractor for 100% of all such costs greater than Four Million Five Hundred Thousand Dollars ($4,500,000).

On a monthly basis immediately following the end of each month during any contract year, Contractor and MCSD will calculate the cost-sharing adjustment (if any) on a monthly prorated basis, and the appropriate party shall pay or credit, as applicable, the other party such cost-sharing adjustment within 30 days of such monthly reconciliation. In the event this Agreement terminates on a date other than the first or last day of any calendar month, any cost-sharing adjustment will be prorated accordingly for the shortened month.

7. The parties acknowledge and agree that in the event MCSD and Wishard Health Services enter into a relationship, contractual or otherwise, resulting in the costs associated with Off-Site and Pharmacy Costs materially decreasing, then Contractor and MCSD agree to negotiate in good-faith to adjust the Cost Sharing provisions herein, as reasonably appropriate.

8. SEVERABILITY: If any terms or provisions of this Amendment or the application thereof to any person or circumstance shall to any extent be invalid or unenforceable, the remainder of this Amendment or the application of such term or provision to person or circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term and provision of this Amendment shall be valid and enforceable to the fullest extent permitted by law.

9. REMAINING PROVISIONS: The remaining provisions of the Agreement not amended by this Amendment shall remain in full force and effect.

[Remainder of Page Intentionally Left Blank]

EXHIBIT A

IN WITNESS WHEREOF, the parties hereto have duly executed this Amendment to the Agreement as of the day and year first above written.

MARION COUNTY SHERIFF'S DEPARTMENT ("MCSD")

By: _____   Date: 5/19/10
Frank J. Anderson
Marion County Sheriff

CORRECT CARE SOLUTIONS, LLC ("Contractor")

By: _____   Date: _____
Jerry Boyle
President and Chief Executive Officer

APPROVED AS TO AVAILABILITY OF FUNDING:

By: _____   Date: 5-20-10
David P. Reynolds, City Controller

APPROVED AS TO FORM AND LEGALITY:

By: _____   Date: May 18, 2010
Mark A. Mertz
Assistant Corporation Counsel

GREGORY A. BALLARD, MAYOR
CITY OF INDIANAPOLIS

By: _____   Date: 05/18/10

Page 4 of 4



**AMENDMENT NUMBER ONE TO PROFESSIONAL SERVICES AGREEMENT**

This Amendment Number One to that certain Professional Services Agreement by and between Correct Care Solutions, LLC (hereinafter "CCS") and the Marion MCSD Sheriff's Department of Marion County, Indiana (hereinafter referred to as "MCSD") effective January 1, 2010 (hereinafter "Agreement") is effective as of March 16, 2010 (hereinafter "Amendment").

WHEREAS, Contractor and MCSD entered into the Agreement for purposes of Contractor providing medical serves to the inmates of MCSD;

WHEREAS, Contractor and MCSD wish to amend the Agreement under the terms and conditions set forth below.

NOW THEREFORE in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed:

1. RECITALS: The parties hereto incorporate the foregoing recitals as a material portion of this Amendment.

2. AMENDMENT TO AGREEMENT: The parties have agreed to extend the time frame in which they will work with Wishard Health Services to analyze certain financial information to determine if there is a basis for renegotiation of the Cost Sharing terms set forth in Section 12 of the Agreement. As a result, the timeframe for such work set forth in sub-section 12(d) to the Agreement will be amended to read "105 days" instead of "75 days".

3. EFFECTIVE DATE OF AMENDMENT TO THE AGREEMENT. The effective date of this Amendment is March 16, 2010.

4. SEVERABILITY: If any terms or provisions of this Amendment or the application thereof to any person or circumstance shall to any extent be invalid or unenforceable, the remainder of this Amendment or the application of such term or provision to person or circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term and provision of this Amendment shall be valid and enforceable to the fullest extent permitted by law.

5. REMAINING PROVISIONS: The remaining provisions of the Agreement not amended by this Amendment shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have duly executed this Amendment to the Agreement as of the day and year first above written.

MARION COUNTY SHERIFF'S DEPARTMENT ("MCSD")

By: _____    Date: 3/19/10

Frank J. Anderson
Marion County Sheriff

EXHIBIT A

**CORRECT CARE SOLUTIONS, LLC** ("Contractor")

By: _[signature]_        Date: 3 - 17 - 10
Jerry Boyle
President and Chief Executive Officer

APPROVED AS TO AVAILABILITY OF FUNDING:

By: _[signature]_        Date: 3/19/10
David P. Reynolds, City Controller

APPROVED AS TO FORM AND LEGALITY:

By: _[signature]_        Date: March 19, 2010
Mark A. Mertz
Assistant Corporation Counsel

GREGORY A. BALLARD, MAYOR
CITY OF INDIANAPOLIS

By: _[signature]_, Deputy Corporation Carsel      Date: 04|24|10
Samantha S. Karn
Corporation Counsel

EXHIBIT A

# PROFESSIONAL SERVICES AGREEMENT

This Professional Services Agreement (hereinafter referred to as "Agreement"), entered into by and between the Marion County Sheriff's Department of Marion County, Indiana (hereinafter referred to as "MCSD") and Correct Care Solutions, LLC (hereinafter referred to as "Contractor"), is effective on January 1, 2010.

*Witnesseth that*:

WHEREAS the MCSD is charged by law with the responsibility for administering, managing, and supervising the health care delivery to inmates at the Marion MCSD Jail (hereinafter referred to as "Facility"); and

WHEREAS the MCSD wishes to provide for the delivery of quality health care to inmates in the Facility in accordance with applicable laws and professional standards; and

WHEREAS the MCSD desires to enter into a medical services agreement with Contractor to promote this objective; and

WHEREAS Contractor has the expertise and qualifications to enter into this Agreement;

NOW, THEREFORE, with the intent to be legally bound, and in consideration of the covenants and promises hereinafter made, the parties hereto agree as follows:

1.    TERM OF CONTRACT

This Agreement shall have a term of Forty-eight (48) consecutive months, commencing on January 1, 2010, at 12:00:01 A.M., and ending on December 31, 2013 at 11:59:59 P.M. This Agreement shall be subject to - One (1) renewal period of Forty-eight (48) or fewer consecutive months upon the mutual agreement of the MCSD and Contractor. The MCSD or Contractor may provide notice to the other of its desire to renew this Agreement no later than One Hundred and Twenty (120) days prior to the expiration of the initial term of this Agreement or any subsequent renewal term of this Agreement. Upon any such notification, the MCSD and the Contractor may negotiate in good faith appropriate renewal terms pursuant to the terms of this Agreement.

2.    SCOPE OF SERVICES

Contractor shall provide comprehensive health care services for the Facility that meet constitutional and community standards and, as a minimum, meet the standards of the National Commission on Correctional Health Care ("NCCHC"), the American Correctional Association ("ACA"), and all State of Indiana and federal laws, statutes, and regulations applicable to the provision of health care services in jail facilities. The health care services provided by Contractor shall include, but not be limited to, the following basic features:

(a)    Receiving Screening.   A receiving screening shall be performed on all new or transferred inmates promptly upon their arrival at the Facility by correctional staff. Tuberculosis screening with appropriate follow up will be completed during the

fourteen (14) day health assessment unless the inmate is symptomatic or has a history of being exposed to tuberculosis. Upon request by the MCSD, Contractor will test inmate workers for tuberculosis prior to the inmate providing services at the Facility.

The finding of the preliminary screening and evaluation shall be recorded and entered into the inmate's medical record. Appropriate disposition based upon the findings of the receiving screening shall occur and be documented. Nursing staff shall be expected to review the findings of the receiving screening on a daily basis. An explanation of procedures for assessing medical and dental services shall be provided to inmates orally and in writing upon their arrival at the Facility.

(b) <u>Health Appraisal.</u>  A health appraisal shall be completed by an RN, mid-level practitioner, or physician for each inmate within fourteen (14) days after arrival at the Facility. The health appraisal shall include the following:

    (1)    Review of the receiving screening results;

    (2)    Complete history and physical examination;

    (3)    Recording of height, weight, and vital signs, including pulse, blood pressure, and temperature;

    (4)    Complete medical examination with evaluation of basic medical, mental, and dental status;

    (5)    Vision and hearing screening;

    (6)    Testing for communicable diseases, as indicated, including appropriate laboratory and diagnostic tests (VDRL, PPD, and other tests as clinically indicated);

    (7)    Review of the results of the health appraisal by a physician;

    (8)    Other tests and examinations, including alcohol and substance abuse, as appropriate; and

    (9)    Initiation of therapy, when appropriate.

(c) <u>Periodic Health Appraisal.</u> Contractor shall conduct physicals on all inmates that have been incarcerated at the Facility for over one (1) year according Indiana Department of Corrections standards.

(d) <u>Sick Call.</u> Contractor shall provide for sick call twice daily, except weekends and holidays. Sick call clinics shall be conducted by an on-site nurse, mid-level practitioner, or physician. In conducting these clinics, health care staff shall utilize triage protocols and shall ensure all appropriate follow-up care is provided. All inmates are to be seen at sick call (not triage) within

2

Forty-eight (48) hours (Seventy-two [72] hours for weekends or holidays) of their submission of a request for health services. Sick call shall be conducted on both the day and evening shifts.

Daily sick call, except weekends and holidays, shall be conducted in the segregation units with assessments to be done by the nursing staff and appropriate follow-up care to be provided on a day-to-day basis.

(e) <u>Patient Referrals.</u> Referrals shall be scheduled with the Medical Director (a primary care physician) or an appropriate healthcare practitioner according to clinical priority. Non-urgent sick call requests shall be seen by an appropriate medical care provider as soon as practicable after the original request, but such shall be consistent with ACA, NCCHC, and other applicable standards.

(f) <u>Hospital Care.</u> Contractor shall obtain routine out-patient/in-patient services from hospitals to meet the health care requirements of the inmate. When outside hospitalization is required, Contractor shall coordinate with the security staff to arrange transportation and correctional officer coverage. Whenever possible, Contractor shall procure the services of hospitals with locked wards for inpatient services. Contractor shall administer and provide for the payment of hospitalizations, and shall be responsible for all such costs up to the stated limits in Section 12 hereinafter.

Contractor will negotiate annual per diem or preferred provider rates with hospitals, pre-approvals, case management, utilization review, discharge planning, payment, and processing of all hospital and practitioner invoices. Contractor is expected to make recommendations to enhance cost containment efforts.

(g) <u>Specialty Care and Referrals.</u> Contractor shall make referral arrangements with specialists for the treatment of those inmates with health care problems which extend beyond the services provided onsite. Contractor shall administer and provide for the payment of costs of such care by specialists and other service providers, and shall be responsible for such costs up to the stated limits in Section 12 hereinafter. All outside referrals shall be coordinated with the MCSD for security arrangements. Whenever reasonable, Contractor shall operate on-site specialty clinics at the Facility. Contractor shall be responsible for procuring all supplies used or ordered by the specialists, including recommended prosthetics, braces, special shoes, glasses, dentures, hearing aids, orthopedic devices, etc., and shall be responsible for the costs of such supplies up to the stated limits in Section 12 hereinafter. All specialists must be Board Certified, Board eligible, or Board prepared in their respective specialty. Any utilization review process developed by Contractor for approval of outside consultants or in-patient care shall be completed within Five (5) working days of the request.

Contractor shall provide prenatal care according to accepted prenatal guidelines, which care shall include, but not be limited to, the following:

(1)    Routine urine testing for proteins and ketones;

(2)    Vital signs;

(3)    Assessment of fetal height and heart tones;

3

(4)     Dietary supplement; and

(5)     Observation for signs of toxemia.

(h)  <u>Chronic Care Patients.</u>  Contractor shall develop and maintain a chronic care clinic to support ongoing wellness of chronic care inmates.  The chronic care provided shall entail the development of an individual treatment plan by the responsible physician specifying instructions on diet, medication, and diagnostic testing.  Chronic care patients shall be provided a review by a physician minimally every three (3) months and at more frequent intervals when medically indicated.

(i)  <u>Emergency Care.</u>  Contractor shall arrange for the provision of emergency medical services to inmates, on-site, Twenty-four (24) hours per day, Seven (7) days per week.  Arrangements must be made with appropriate community resources for required emergency services beyond on-site capabilities.  Contractor shall be responsible for arranging for the provision of all emergency transportation including ambulance services, and shall bear the risk up to the stated limits in Section 12 hereinafter.

Contractor shall be responsible for providing emergency treatment to visitors, staff, employees, or subcontractors of the MCSD who become ill or who are injured while on the premises.  Treatment will consist of stabilization and referral to a personal physician or local hospital.  The medical director and health administrator shall be on call twenty-four (24) hours per day.

(j)  <u>Dental Care.</u>  Contractor shall provide and be financially responsible for the following dental services subject to the off-site and pharmacy cost limits described in Section 12 hereinafter:

(1)     Dental screening within Fourteen (14) days of booking;

(2)     Dental treatment, including endodontics, periodontics, exodontics, oral surgery, fillings, and extractions provided upon clinical indications;

(3)     Prevention of dental disease and oral hygiene education;

(4)     Referral to a dental specialist, if needed;

(5)     Provision for emergency care;

(6)     Provision of all dental prosthetics and lab services; and

(7)     Provision of maxillofacial surgery services when indicated.

(k)  <u>Ancillary Services.</u>  Contractor shall utilize on-site facility ancillary services, including, but not limited to phlebotomy, x-ray, EKG, EEG, MRI, ultrasound, and physical therapy services, to their fullest extent and shall be responsible for the cost of all on-site and off-site laboratory, x-ray, and other diagnostic services as required and indicated.  Contractor shall be responsible for the costs for such services when performed off-site, subject to the stated limits in Section 12 hereinafter.

4



A physician shall review all laboratory results within Twenty-four (24) to Forty-eight (48) hours after receipt of test results to assess the follow-up care indicated and to screen for discrepancies between the clinical observations and laboratory results. The physician on-call will be notified immediately of all STAT reports.

All routine x-rays shall be provided on-site at the facility by utilizing mobile x-ray services. X-rays shall be read by a Board Certified or eligible radiologist and taken by a registered technician. Contractor shall insure that results are reported to the Contractor's physician within Twenty-four (24) hours.

(l) <u>Therapeutic Diet Program.</u>    Regular and therapeutic diets shall be evaluated for nutritional adequacy by a registered or licensed dietician at least every Six (6) months. Contractor will monitor and make recommendations relative to the medical adequacy of therapeutic diets for inmates with special nutritional needs.

(m) <u>Pharmacy Services.</u>    Contractor shall provide pharmaceutical services for prescription and nonprescription medications and all intravenous solutions ordered by Contractor and contracted physicians, mid-level practitioners, and dentists. Contractor shall pay for all such pharmaceutical services, and shall be responsible for the costs of such services up to the stated limits in paragraph Section 12 hereinafter.

Contractor shall make provision for on-site delivery Six (6) days per week, on-site STAT dose capability for emergencies, and an emergency drug kit. Contractor shall provide, furnish, and supply pharmaceuticals and drugs to the Facility using a "unit dose method of package" which is properly labeled. Contractor shall provide stock medications to be initiated during weekends, holidays, and when STAT or emergency situations arise.

Nurses or appropriate healthcare providers shall administer medications to inmates on a twice daily schedule, during the 1st and 2nd shifts.

Contractor shall provide routine consultations regarding all phases of the Facility's pharmacy operation. Contractor shall provide oversight of the pharmacy operation with a minimum of quarterly consultant visits and written reviews by a registered pharmacist.

Contractor shall develop a formulary and conduct quarterly pharmacy and therapeutic committee meetings.

Contractor shall include a medication administration record to include all information contained in the practitioner's order, on the prescription label, documentation of each dose given, refused, or held, and nurse signature.

(n) <u>Mental Health.</u>    Psychiatrists will provide Twenty-four (24) hour on-call services for inmates experiencing crisis, psychosis, or an emotional/cognitive disorder. The scope of services provided to the inmate population shall include, but not be limited to, the following:

    (1)    Crisis intervention and referral and/or commitment for inmates who require more intensive care than available at the Facility;

(2)     Regular group and individual counseling sessions as appropriate;

(3)     Individual treatment plans, regularly updated, for inmates requiring on-going monitoring and/or care;

(4)     Psychiatric evaluation of inmates exhibiting unusual or bizarre behavior;

(5)     Monitoring of all inmates receiving psychotropic medication, including appropriate laboratory studies;

(6)     Development of policies and procedures for distribution of psychotropic medication to maximize the potential for safety and compliance;

(7)     AIMS assessment for tardive dyskinesia to be accomplished as necessary;

(8)     Development of suicide prevention procedures to be followed by health care staff;

(9)     On-going training of all Facility staff on relevant mental health topics;

(10)    Thorough documentation of service delivery in the health record;

(11)    Maintenance of logs, reports, and service delivery; and

(12)    Participation in administrative meetings and Quality Improvement Program.

Contractor shall be a participating member of the Facility's response team that participates in post-trauma incident debriefings and counseling services for both Contractor and Security Staff.

(o)  Health Education of Inmates. Contractor shall develop an inmate health education program for the Facility which includes formal and informal sessions, pamphlets, videos, etc.

(p)  Transfer of Medical Information. All inmate transfers to the Facility shall be screened by medical personnel for acute or chronic conditions, communicable diseases, mental status evaluation, and current medications. Contractor shall develop a procedure for the transfer of pertinent medical information to emergency facilities and outside specialty consultants, and for inmates that are transferred to the state prison or other detention institutions.

(q)  Medical Records. Contractor shall implement a medical record system utilizing its own chart forms. Records shall ensure that accurate, comprehensive, legible, up-to-date medical information is maintained on each inmate under its care. Medical records will be considered confidential. Contractor shall ensure specific compliance with all applicable standards regarding confidentiality, informed consent, and access/disclosure. Contractor shall comply with applicable State statutes regarding retention of health records. All medical records are the property of the County.

(r) <u>Infectious Waste Disposal.</u>  Contractor shall make provision for collection, storage, and removal of medical waste and sharp containers, including that produced in the Facility apart from Contractor's services under this Agreement, in accordance with State and Federal statutes and regulations.  Contractor is responsible for the cost of removal and disposal, including all necessary supplies.

(s) <u>Supplies and Equipment.</u>  The MCSD and Contractor agree that from time to time additional supplies and equipment must be purchased in order for Contractor to perform its duties and responsibilities herein this Agreement.  The MCSD agrees to be responsible for the provision of standard office equipment currently located at the facility, such as computers, network printer, and telephones.  Contractor agrees to be responsible for the provision of certain equipment: time clocks, additional computers for use by CCS staff, centrifuge, copier machine, medical carts, Rx facsimile machines, and other clinically-related equipment.  Contractor is further responsible for the cost of all additional medical supplies and medical equipment needed to provide health care, such as blood pressure cuffs, pulse Ox or EKG machines.   Any repair or replacement of the on-site x-ray equipment will be the financial responsibility of MCSD.  Contractor agrees to assist MCSD with the procurement of any replacement of the on-site x-ray equipment, if necessary.   Of that additional equipment and supplies, all supplies, blood pressure cuffs, any pulse Ox machine and EKG machine, and all such medical equipment purchased with an acquisition cost of less than Two Hundred Fifty Dollars ($250) shall become the property of the MCSD at the termination of this Agreement.  The parties understand and agree that any equipment owned by third parties and/or leased by Contractor in fulfillment of its services under this Agreement shall not become the property of the MCSD at the termination of this Agreement.  Contractor shall be responsible for procuring and stocking all medical and pharmaceutical supplies for the routine and specialty care of all inmates.  All supplies remaining at the termination of this Agreement shall be converted to the MCSD inventory.

(t) <u>Services to Correctional Staff.</u>   Services to correctional staff shall include the testing of correctional staff for tuberculosis on an annual basis, and the maintenance of documentation of that testing.

(u) <u>Institutional Responsibilities.</u>   The MCSD shall provide Contractor with office space, examination rooms, and utilities, except for long distance telephone services to enable Contractor to perform its obligations and duties under this Agreement.  Contractor shall be responsible for long distance telephone services, special line charges related to facsimile equipment, and provisions for the installation of computers.

The MCSD shall provide security staff for off-site supervision and transportation of inmates for medical services.  The MCSD shall provide housekeeping and cleaning supplies and laundry services.

(v) <u>Disaster Plan.</u>  Contractor shall develop procedures for a disaster plan in the event of a man-made or natural disaster.  Said plan shall be coordinated with the security plan and incorporated into the Facility's overall emergency plan and made known to all personnel.  Review of the health aspects of the disaster plan shall be made part of the initial orientation of new personnel and drilled annually with all health care staff.

7

(w) <u>Detoxification.</u>  Contractor shall be responsible for the detoxification of inmates withdrawing from drugs or alcohol.  Inmates experiencing severe detoxification (overdose or withdrawal) shall be transferred to a licensed acute care facility.

(x) <u>Staffing.</u>  For staffing purposes, the staffing plan attached hereto as Exhibit A shall be utilized in implementing this Agreement and shall be incorporated herein by reference as if fully set forth within this Agreement.  MCSD agrees to this staffing plan.

To the extent the above recited features of Contractor's scope of services conflicts with the standards of the NCCHC, the ACA, or any Indiana State or federal law, statute, or regulation, the standards of the NCCHC, the ACA, or applicable Indiana State or federal statute or regulation will govern the services provided by Contractor.

3.    SUPPORT SERVICES

Contractor shall provide contract management services to support the medical services.  These additional program support services shall include, but not be limited to, the following:

(a)    Continuous Quality Improvement Committee.  Contractor shall institute a continuous quality improvement (CQI) committee that will monitor the health services provided.

(b)    Medical Audit Committee.  The program shall include regular chart review by physicians of out-patient and in-patient medical records.  The chart reviews, deliberations, and actions taken as a result of reviews shall be documented.

(c)    Infection Control.  An infection control program shall be implemented by Contractor, in compliance with CDC guidelines and all OSHA regulations, which includes concurrent surveillance of patients and staff, preventive techniques, and treatment and reporting of infections in accordance with local and state laws.

(d)    Inmate Grievances/Complaints.  Contractor shall maintain monthly statistics of grievances filed (i.e., those with and without merit).  All grievance procedures shall be in accordance with the County's regulations.  The MCSD reserves the right to review any inmate complaint and review Contractor's actions.

(e)    Policy and Procedures.  Contractor shall develop, maintain, and review administrative and operational policies and procedures, which policies and procedures shall meet or exceed NCCHC, ACA, and Indiana statutory requirements.  The MCSD reserves the right to approve policies and procedures of the Contractor.

(f)    Utilization Review.  Contractor shall establish a utilization review program for the review and analysis of the utilization of off-site referrals, including sub-specialty and in-patient stays, which program shall include non-urgent hospitalization, pre-certification, urgent hospital certification, concurrent review, prospective denial, discharge planning, and prior authorization of targeted procedures, e.g., MRI and CAT scans.  The utilization management program shall demonstrate that the use of outside service has been appropriate (medically indicated) and that the length of stay (if applicable) is neither longer nor shorter than medically indicated.  The above activities are for

8

internal utilization review purposes and are not intended to impact payment to providers of off-site care for services already provided.

(g)     Strategic Planning and Consultation.  Contractor shall be available to develop long-term and short-term goals for the Facility health care program.

(h)     Credentialing.  Contractor shall maintain credentialing procedures for its professional staff employed at the Facility.  Copies of all current nursing and physician licenses shall be kept on file in the Facility medical unit office.

(i)     Risk Management and Mortality Review.  Contractor shall establish and maintain procedures for dealing with critical incidents, including a formal mortality review process.  Subject to the laws of the State of Indiana governing peer review activities, the County's risk manager, or designee, shall be included in any mortality review.

(j)     Pharmacy and Therapeutics.  Contractor shall implement a pharmacy and therapeutic committee which shall be responsible for additions and deletions to formulary, monitoring usage of pharmaceuticals, including psychotropic, and identifying prescribing patterns of practitioners. Quarterly written consultation reviews of the pharmacy by a consultant pharmacist shall be conducted.

(k)     Safety and Sanitation Inspections.  Contractor shall coordinate monthly safety and sanitation inspections of the institutional food service, housing, and work areas with designated MCSD personnel, and shall make appropriate recommendations for corrections on discrepancies or citations noted.

(l)     Administrative Meetings and Reports.  Contractor shall coordinate with the Facility Administrator to discuss health care services.  Minutes or summaries shall be maintained and distributed to attendees with copies retained for future reference.

> (1)     Contractor shall conduct and maintain minutes of health staff meetings conducted on a monthly basis.

> (2)     Contractor shall prepare and participate in external reviews, inspections, and audits as requested and shall participate in the preparation of responses to critics.  Contractor shall develop and implement plans to address/correct identified deficiencies.

(m)     Statistical Data.  Contractor shall keep statistical data related to the inmate health care program which shall include utilization of service statistics and other areas that the Contractor and MCSD agree would be useful to evaluate the health care program and anticipate future needs. Contractor shall prepare statistical reports on a monthly basis and provide to the MCSD Administrator.  Contractor shall also conduct a monthly medical audit meeting and provide to the MCSD a narrative monthly report to discuss the status of the health care program and identify potential problems and their resolution.

(n)     Accreditation.  Contractor shall take all reasonable steps to maintain accreditation by NCCHC for the Facility.  MCSD shall pay all accreditation fees.

9

(o)      Agreement Monitor.  Subject to federal and Indiana state laws and regulations, including but not limited to laws and regulations related to confidential and privileged information, Contractor agrees to allow any MCSD designee access to all records generated and maintained under this Paragraph 3, including, but not limited, to policies, records, files, medical records, personnel records (within the parameters of confidentiality and as set forth in Paragraph 5(e)), and any other material deemed necessary by the MCSD to monitor this Agreement.

4.      ON-CALL RESPONSIBILITY

The Contractor shall provide for on-call medical and psychiatrist coverage twenty-four (24) hours per day.

5.      PERSONNEL RECRUITMENT AND CREDENTIALING PROGRAM

Contractor shall recruit, interview, and hire only candidates consistent with its staffing plan who are licensed or certified by the State of Indiana at the time such candidate commences services at the Facility. Each candidate shall be interviewed by Contractor with a special focus on technical expertise, emotional stability, and motivation.  The Facility Administrator must approve Contractor's choice of Medical Director and Health Services Administrator ("the HSA").  The recruitment and credentialing program shall also include the following:

(a)      All screened candidates shall make an on-site visit to the Facility prior to employment.

(b)      The MCSD reserves the right to prohibit any of Contractor's employees and/or independent contractors from performing service with regard to this Agreement.

(c)      All personnel shall pass a background investigation conducted by the MCSD for initial and/or continued employment.  All personnel performing on-site services may be required to undergo a pre-employment urine drug screen.

(d)      All personnel shall comply with current and future federal, state, and local laws and regulations, court orders, administrative directives, institutional directives, ACA standards, NCCHC standards, and policies and procedures of the MCSD and the Facility.

(e)      Certain portions of personnel files of all employees, subcontractors, and contract employees shall be on file at the Facility and shall be made available to the Facility Administrator, or his designee.  These portions of the files include copies of current Indiana licenses, proof of professional certification, DEA members, malpractice insurance certificates, evaluations, and position responsibilities.

(f)      With the exception of the Contractor's Medical Director and HSA (Contract Services Administrator), Contractor shall notify and consult with the Facility Administrator prior to discharging, removing, or failing to renew contracts of professional staff.

6.      EMPLOYEE TRAINING AND ORIENTATION

Contractor shall insure that all new health care personnel are provided with orientation and appropriate training regarding medical practices on-site at the Facility. Orientation regarding other Facility operations shall be the responsibility of the County.

Contractor shall send its staff to a 2-day, sixteen (16) hour security orientation program provided by the MCSD within sixty (60) days of the employee's date of hire. Contractor shall be responsible for payment of staff personnel while attending the security classes and for providing coverage in the medical unit. Contractor shall establish a medical library on-site at the Facility for use by the health care staff. Said library shall include, but not be limited to, basic reference texts related to diagnosis and treatment in a primary care setting.

7.
PERFORMANCE GUARANTY. There shall be no performance bond requirement within this Agreement.

8.    SUBCONTRACTING, ASSIGNMENT, OR DELEGATION

Except as set forth in this Agreement, Contractor's services may not be subcontracted, nor may its rights or duties be assigned or delegated by Contractor, in whole or in part, without the prior written consent of the Sheriff's Department. Any consent granted shall not relieve Contractor of any of its responsibilities under this Agreement.

9.    INDEMNIFICATION

Contractor shall indemnify, hold harmless, and defend Marion County, Indiana, the MCSD and their officials, agents, and employees from and against all claims, demands, actions, lawsuits, damages, losses, expenses, or liabilities of any kind, including reasonable attorney's fees (hereinafter referred to as the "Damages"), arising out of or resulting from the performance of the program of health care services described herein, provided that such claim, demand, action, lawsuit, damage, loss, expense, or liability is attributable to personal injury, including bodily injury, sickness, disease or death, or to injury to or destruction of tangible property, and a loss of use resulting therefrom, provided the Damages are proximately caused by an act or omission of Contractor, its subcontractors, or anyone directly or indirectly employed by any of them or any one for whose acts any of them are liable.

While indemnity is not provided in favor of Contractor, the MCSD and Contractor expressly agree that Contractor shall not be liable for any loss or damage proximately caused by the intentional acts, willful misconduct, or negligence of the MCSD or any of their agents and employees. Contractor expressly disclaims or assumes no liability for any such loss or damage.

10.    INSURANCE

At all times during the term of this Agreement, or any renewals thereof, Contractor shall maintain the following insurance coverage:

(a)    General liability claims-based coverage of $1,000,000.00 combined single limit annually and $3,000,000.00 aggregate annually.

(b)    Professional and Civil Rights liability claims-based coverage of $1,000,000.00 per occurrence annually and $3,000,000.00 aggregate annually.

11

(c)    Automobile liability insurance to cover any automobile used by Contractor. Limits of liability for bodily injury and property damage shall be no less than $500,000 combined single limit annually for bodily injury and property damage liability.

(d)    Contractor shall supply the MCSD with proof of Worker's Compensation insurance or independent contractor's exemption covering the Contractor while performing work for the County.

Insurance is to be placed with insurers having a Best rating of no less than A. Contractor shall furnish the MCSD with certificates of insurance and original endorsements documenting coverage required by these insurance clauses within Thirty (30) working days of Contractor's receipt of the notice of intent to award the Agreement to Contractor. The certificates and endorsements for each insurance policy shall be signed by a person authorized by the insurer to bind coverage on its behalf. Contractor shall submit annual insurance renewals for the term of this Agreement and for any renewals thereof.

11.    CONTRACT TRANSITION

Contractor shall make the transition from the current contractor delivery system into Contractor's medical care on January 1, 2010.

12.    COMPENSATION

(a)    Base Compensation.

•    The monthly amounts to be paid by the MCSD to Contractor under this Agreement are set forth below:

| Year # | Period Covered | Annual Base Amount | Monthly Base Amount |
|--------|----------------|--------------------|---------------------|
| 1 | 1/1/2010-12/31/2010 | $10,000,000.00 | $833,333.34 |
| 2 | 1/1/2011-12/31/2011 | $10,585,000.00 | $882,083.33 |
| 3 | 1/1/2012-12/31/2012 | $11,204,222.00 | $933,685.16 |
| 4 | 1/1/2013-12/31/2013 | $11,859,669.00 | $988,305.75 |

The Base Compensation set forth above is contingent upon Contractor entering contracts with Wishard Health Services and its affiliates, wherein such providers agree to accept a maximum reimbursement rate for any and all healthcare services equal to the Medicare reimbursement plus four percent (4%) during the term of this Agreement.

•    In the event this Agreement should commence or terminate on a date other than the first day or last day of any calendar month, compensation to Contractor will be prorated accordingly for the shortened month.

(b)    Per Diem Adjustment. The monthly payments set forth above, anticipate a combined average daily inmate population of 1,200 for both Jail One and City County Building (Central Receiving) ("ADP"). In the event the ADP fluctuates greater or lower than anticipated above, the following adjustments to the Annual Base Amount shall be made as follows:

12

(1) If the ADP for any given month is less than 1,100, then Contractor shall issue a credit for each such month to MCSD calculated as follows: (1,100 - ADP) x ($1.79) x (number of days in the month). This amount will be deducted from the payment to Contractor immediately following an annual reconciliation related to per diem adjustments, and such deduction shall specifically set forth the calculation of such deduction.

(2) If the Average Daily Population for the quarter exceeds 1,200, then MCSD shall issue an additional payment for each such month of ADP excess and the payments shall be calculated as follows: (ADP – 1,200) x ($1.79) x (number of days in the month). This amount will be paid separately to Contractor on or before 30 days after an annual reconciliation related to per diem adjustments, and such payment shall specifically set forth the calculation of such payment.

Average daily population as stated above shall be determined from the facilities' records and calculated and adjusted as set forth in this paragraph, and shall be calculated by adding, for a given month the average daily inmate population contained in the Sheriff's daily status reports and dividing such sum by the number of days in the month.

The per diem adjustment is intended to cover additional costs in those instances where minor, short-term increases in the inmate population result in the higher utilization of routine supplies and services. However, the per diem is not intended to provide for any additional fixed costs, such as new staffing positions, which might prove necessary if the inmate population grows significantly and if the population increase is sustained.

(c)     Cost Sharing.  Contractor shall be responsible for managing all aspects of Off-Site and Pharmacy Costs, and shall furthermore be responsible for the payment of all such costs, subject to the cost-sharing adjustments set forth in the paragraph immediately below.

With respect to the costs associated with all pharmaceuticals, off-site care and services and on-site dialysis (collectively "Off-Site and Pharmacy Costs"), Contractor shall be financially responsible for all Off-Site and Pharmacy Costs up to Four Million Five Hundred Dollars ($4,500,000) (in the aggregate) per contract year (January through December), subject to the following cost sharing provisions.  In the event less than Four Million Dollars ($4,000,000) in Off-Site and Pharmacy Costs are incurred (in the aggregate) during any contract year by Contractor, Contractor shall refund to the MCSD fifty percent (50%) of such unspent dollars below Four Million Dollars ($4,000,000).  In the event more than Four Million ($4,000,000), but less than Four Million Five Hundred Thousand Dollars ($4,500,000) in aggregate Off-Site and Pharmacy Costs are incurred during any contract year by Contractor, then MCSD shall reimburse to Contractor fifty percent (50%) of such overage costs.  Notwithstanding such cost sharing of Off-Site and Pharmacy Costs, MCSD shall be fully financially responsible for all Off-Site and Pharmacy Costs incurred by Contractor greater than Four Million Five Hundred Thousand Dollars for any given contract year and shall reimburse Contractor of 100% of all costs greater than Four Million Five Hundred Thousand Dollars ($4,500,000).

On an annual basis following the end of any contract year, Contractor and MCSD will calculate the cost-sharing adjustment  (if any) and the appropriate party shall pay or credit, as applicable, the other party such cost-sharing adjustment with ninety (90) days of that annual reconciliation.



(d)  <u>Adjustments to Cost Sharing and Per Diem.</u> The parties acknowledge and agree that the above Cost Sharing and Per Diem provisions were agreed upon based upon historical financial information provided as part of the RFP process. As a result of the parties' further inquiry and analysis of that financial information, they agree that it would be in their best interest to work promptly and diligently with Wishard Health Services to analyze that financial information and to determine if there is a basis for re-negotiation of the Cost Sharing and/or Per Diem terms set forth above. In the event Wishard Health Services, CCS and MCSD determine that, in fact, there is such a basis; then within the first 75 days of the term of this Agreement, the parties agree to re-negotiate the Cost Sharing and/or the Per Diem provisions currently set forth in the Agreement and amend the Agreement to reflect the same. In the event the parties are unable to negotiate an amendment upon mutually agreeable re-negotiated terms and conditions, either party shall have the right to terminate this Agreement upon ninety (90) days written notice, and any true-up related to the cost sharing provisions set forth in this Agreement will be prorated by the number of months and days of the life to this Agreement (for example, 6 months life of the Agreement shall equal $2M cap/$2.25M ceiling).

13.    TERMINATION OF AGREEMENT

Either party may terminate this Agreement for any reason whatsoever with a ninety (90) day written notice provided to the other party in accordance with paragraph 16 of this Agreement.

In the event either party shall give notice to the other that such other party has materially defaulted in the performance of any of its obligations under this Agreement and such default shall not have been cured within Thirty (30) days following said notice, the party giving notice shall have the right to terminate the Agreement without further notice.

14.    TRANSFER OF INMATE CARE

Upon termination of this Agreement, total responsibility for providing health care services to all inmates, including inmates receiving health care services at any off-site facility will be transferred from Contractor to the MCSD. At least fourteen (14) days prior to the termination of this Agreement, Contractor shall provide all records and documents to the MCSD to allow the MCSD to prepare to provide medical services to said inmates. All inmates requiring appointments for in-patient or outside specialty consultation shall be identified.

15.    INCORPORATION OF DOCUMENTS

By executing this Agreement, the MCSD and Contractor incorporate into this Agreement the provisions found in the Request for Proposal No. RFP 09-0577 (hereinafter referred to as the "RFP") issued by the City of Indianapolis on behalf of the MCSD and Contractor's Response to the RFP submitted in dated      August 21, 2009, as supplemented on December 9, 2009. Any conflicts between the provisions found in this Agreement, the Request for Proposal, Contractor's Proposal Response:

    (a)    The provisions of this Agreement will be given effect over any inconsistent provisions found in the RFP and in Contractor's Response; and

    (b)    If this Agreement does not contain a provision, then the provisions found in the RFP shall be given effect over any inconsistent provisions found in Contractor's Response.

14

EXHIBIT A

16.     NOTICES

All notices required under the terms of this Agreement shall be delivered by certified mail with return receipt requested, by personal delivery, or by independent guaranteed overnight delivery to the following representatives of the parties, or their successors:

*To the MCSD:*          Marion County Sheriff's Department
                        Attention: Louis Dezelan
                        40 S. Alabama St.
                        Indianapolis, IN  46204
                        (317) 327-1803

*To the Contractor:*    Correct Care Solutions, LLC
                        Attention: Patrick Cummiskey
                        3343 Perimeter Hill Drive, Suite 300
                        Nashville, TN 37211
                        (615) 324-5777

17.  BINDING EFFECT

This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns subject to the limitations upon assignment contained within this Agreement.

18.  AUTHORITY

Each party hereto represents and warrants for itself that the person executing this Agreement on behalf of such party is duly authorized and empowered to execute this Agreement, and it represents the legal, valid, and binding Agreement of such party.

19.  NON-DISCRIMINATION

Contractor shall not discriminate against any employee or applicant for employment to be employed in the performance of this Agreement, with respect to her or his hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment, because of her or his race, sex, sexual orientation, gender identity, religion, color, national origin, ancestry, age, disability, or United States military service veteran status.  Breach of this section shall be regarded as a material breach of this Agreement.

**IN WITNESS WHEREOF,** the MCSD and Contractor have executed this Agreement effective as of the date first above written.

**MARION COUNTY SHERIFF'S DEPARTMENT ("MCSD")**

By: _____     Date: 12/31/09
Frank J. Anderson
Marion County Sheriff


**CORRECT CARE SOLUTIONS, LLC**         ("Contractor")

By: _____     Date: 12/31/09
Jerry Boyle
President and Chief Executive Officer


APPROVED AS TO AVAILABILITY OF FUNDING:

By: _____  ①    Date: 1-12-10
David P. Reynolds, City Controller
                    BW  1/8/10

APPROVED AS TO FORM AND LEGALITY:

By: _____     Date: January 5, 2010
Mark A. Mertz
Assistant Corporation Counsel


GREGORY A. BALLARD, MAYOR
CITY OF INDIANAPOLIS

By: _~~~ S. K~_   Date: _1/28/10_

Samantha S. Karn
Corporation Counsel

17

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                          )
as Administrator of the                      )
ESTATE OF JAMES LEROY SMITH,                 ) CAUSE NO.  49D04-2206-PL-019908
     Plaintiff                               )
                                             )
                                             )
          vs,                                )
MARION COUNTY SHERIFF'S                       )
DEPARTMENT, aka                              )
SHERIFF KERRY FORESTAL,                      )
WELLPATH, LLC, aka CORRECT CARE              )
SOLLUTIONS,                                  )
*et al,* Defendants                          )


To Defendant:    _Lt. Clark_

                 _MCSD_

                 _675 Justice Way_

                 _Indpls, IN 46203_


You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_      *Myla A. Eldridge.* _____

<b>Clerk, Marion County</b>

**(The following manner of Service of Summons is hereby designated.)**

_____**Registered or Certified Mail**
_____**Service on Individual—address above**
\_\_**XX**\_\_**Service on Individual at place of employment—address above**
_____**Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS

**SEAL**

INDIANA

<b>RETURN OF SERVICE OF SUMMONS</b>

I hereby certify that I have served this summons on the \_\_\_\_ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____.

**By:**_____
     **PRINTED NAME**

     _____
     **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**                    **IN THE MARION SUPERIOR   COURT**

**JOHN LEE SMITH, Jr.**                        )
**as Administrator of the**                    )
**ESTATE OF JAMES LEROY SMITH,**               ) **CAUSE NO.**  49D04-2206-PL-019908
    **Plaintiff**           )
                                               )
                                               )
      **vs,**     )
**MARION COUNTY SHERIFF'S**                    )
**DEPARTMENT, aka**                            )
**SHERIFF KERRY FORESTAL,**                    )
**WELLPATH, LLC, aka CORRECT CARE**            )
**SOLLUTIONS,**                                )
*et al,* **Defendants**                        )

**To Defendant:**   _Briann Campbell_

_MCSD_

_675 Justice Way_

_Indpls. IN  46203_

       You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

       If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

       If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

       If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: *6-29-22*                    _____

                                    **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx__ **Service on Individual at place of employment—address above** _____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*(MARION COUNTY COURTS / SEAL / INDIANA)*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
**PRINTED NAME**

_____
**SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| JOHN LEE SMITH, Jr. | ) |
| as Administrator of the | ) |
| ESTATE OF JAMES LEROY SMITH, | ) CAUSE NO.  49D04-2206-PL-019908 |
|     Plaintiff | ) |
|  | ) |
| vs, | ) |
| MARION COUNTY SHERIFF'S | ) |
| DEPARTMENT, aka | ) |
| SHERIFF KERRY FORESTAL, | ) |
| WELLPATH, LLC, aka CORRECT CARE | ) |
| SOLLUTIONS, | ) |
| *et al,* Defendants | ) |

To Defendant: _Marsha Cannonier_
_MCSD_
_675 Justice Way_
_Indpls., IN 46203_

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: 6-29-22 _____    _____
                                 **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx_ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

(MARION COUNTY COURTS SEAL INDIANA)

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
    _____.

By:_____
   **PRINTED NAME**

   _____
   **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**                    **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                                )
as Administrator of the                            )
ESTATE OF JAMES LEROY SMITH,                       ) CAUSE NO.  49D04-2206-PL-019908
    Plaintiff                    )
                                                   )
    vs,                          )
MARION COUNTY SHERIFF'S                            )
DEPARTMENT, aka                                    )
SHERIFF KERRY FORESTAL,                            )
WELLPATH, LLC, aka CORRECT CARE                    )
SOLLUTIONS,                                        )
*et al*, Defendants                                )

To Defendant: *Mr. Collins, (Civilian)*
*MCSD*
*675 Justice Way*
*Indpls, IN 46203*

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_                    _____ _____
                                   **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
__XX__ Service on Individual at place of employment—address above
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
**SEAL**
INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

   _____
   **SIGNATURE_**

Filed: 6/29/2022 7:29 PM
Clerk
Marion County, Indiana

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| **JOHN LEE SMITH, Jr.** | ) |
| **as Administrator of the** | ) |
| **ESTATE OF JAMES LEROY SMITH,** | ) **CAUSE NO.** 49D04-2206-PL-019908 |
|      **Plaintiff** | ) |
|  | ) |
|  | ) |
|      **vs,** | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, aka** | ) |
| **SHERIFF KERRY FORESTAL,** | ) |
| **WELLPATH, LLC, aka CORRECT CARE** | ) |
| **SOLLUTIONS,** | ) |
| *et al,* **Defendants** | ) |

**To Defendant:**    Ayana Brown
                     MCSD
                     675 Justice Way
                     Indpls, IN 46203

      You are hereby notified that you have been sued by the Plaintiff that a cause of action has
been initiated against you. You have 21 days to respond to this Complaint.

      If this summons is accompanied by an Order to Appear, you must appear in Court on the
date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your
absence and a determination made by the Court.

      If you wish to retain an attorney to represent you in this matter, it is advisable to do so before
the date stated in the Order to Appear.

      If you take no action in this case after receipt of this summons, the Court can make a
determination regarding any of the following: damages and equitable relief, attachment of assets,
and other means to satisfy a judgment against you.

Dated: 6-21-22                          _____
                                        **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx__ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
**SEAL**
INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
**PRINTED NAME**

_____
**SIGNATURE**

# SUMMONS

**STATE OF INDIANA**                    **IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| JOHN LEE SMITH, Jr.<br>as Administrator of the<br>ESTATE OF JAMES LEROY SMITH,<br>    Plaintiff<br><br>        vs,<br>MARION COUNTY SHERIFF'S<br>DEPARTMENT, aka<br>SHERIFF KERRY FORESTAL,<br>WELLPATH, LLC, aka CORRECT CARE<br>SOLLUTIONS,<br>*et al,* Defendants | )<br>)<br>) CAUSE NO.  49D04-2206-PL-019908<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

To Defendant:   *Lt. Clark*
                *MCSD*
                *675 Justice Way*
                *Indpls, IN 46203*

  You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

  If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

  If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

  If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: 6-29-22                    _____
                                 **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__ **XX** __ **Service on Individual at place of employment—address above**
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

(MARION COUNTY COURTS
**SEAL**
INDIANA)

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
    **PRINTED NAME**

    _____
    **SIGNATURE_**

# SUMMONS

STATE OF INDIANA                    IN THE MARION SUPERIOR   COURT

JOHN LEE SMITH, Jr.                          )
as Administrator of the                       )
ESTATE OF JAMES LEROY SMITH,   ) CAUSE NO.  49D04-2206-PL-019908
    Plaintiff                                         )
                                                        )
                                                        )
        vs,                                          )
MARION COUNTY SHERIFF'S             )
DEPARTMENT, aka                            )
SHERIFF KERRY FORESTAL,            )
WELLPATH, LLC, aka CORRECT CARE   )
SOLLUTIONS,                                    )
et al, Defendants                                )

To Defendant: _Officer Dustin Brewer_
_MCSD_
_675 Justice Way_
_Indpls., IN 46203_

        You are hereby notified that you have been sued by the Plaintiff that a cause of action has
been initiated against you. You have 21 days to respond to this Complaint.

        If this summons is accompanied by an Order to Appear, you must appear in Court on the
date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your
absence and a determination made by the Court.

        If you wish to retain an attorney to represent you in this matter, it is advisable to do so before
the date stated in the Order to Appear.

        If you take no action in this case after receipt of this summons, the Court can make a
determination regarding any of the following: damages and equitable relief, attachment of assets,
and other means to satisfy a judgment against you.

Dated: 6-29-22

_____
**Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx__ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
**SEAL**
INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
    **PRINTED NAME**

    _____
    **SIGNATURE_**

Filed: 6/28/2022 7:29 PM
Clerk
Marion County, Indiana

# SUMMONS

**STATE OF INDIANA**　　　　　**IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| JOHN LEE SMITH, Jr. | ) |
| as Administrator of the | ) |
| ESTATE OF JAMES LEROY SMITH, | ) **CAUSE NO.** 49D04-2206-PL-019908 |
|    Plaintiff | ) |
|  | ) |
|  | ) |
|       vs, | ) |
| MARION COUNTY SHERIFF'S | ) |
| DEPARTMENT, aka | ) |
| SHERIFF KERRY FORESTAL, | ) |
| WELLPATH, LLC, aka CORRECT CARE | ) |
| SOLLUTIONS, | ) |
| *et al,* Defendants | ) |

**To Defendant:**　*Dep. Cutshall*

*MCSD*

*675 Justice Way*

*Indpls., IN 46203*

    You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

      If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

      If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

      If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_                    _____
                                        **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered** or Certified Mail
_____ Service on Individual—address above
__xx__ Service on Individual at place of employment—address above _____
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
**SEAL**
INDIANA

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

_____
**SIGNATURE**

# SUMMONS

**STATE OF INDIANA          IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| **JOHN LEE SMITH, Jr.** | ) |
| **as Administrator of the** | ) |
| **ESTATE OF JAMES LEROY SMITH,** | ) **CAUSE NO.  49D04-2206-PL-019908** |
| **Plaintiff** | ) |
|  | ) |
|  | ) |
| **vs,** | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, aka** | ) |
| **SHERIFF KERRY FORESTAL,** | ) |
| **WELLPATH, LLC, aka CORRECT CARE** | ) |
| **SOLLUTIONS,** | ) |
| *et al,* **Defendants** | ) |

**To Defendant:**   Gabra Cochau, M.D.
                7111 Eagle Bay South Drive
                Inapis., IN 46254
_____

     You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

     If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

     If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

     If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_                     _____ _____ _____
                                     **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
__xx___ **Service on Individual—address above**
_____ **Service on Individual at place of employment—address above**
____ ___ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*MARION COUNTY COURTS*
**SEAL**
*INDIANA*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
**PRINTED NAME**

_____
**SIGNATURE_**

## SUMMONS

STATE OF INDIANA              IN THE MARION SUPERIOR   COURT

JOHN LEE SMITH, Jr.                     )
as Administrator of the                 )
ESTATE OF JAMES LEROY SMITH,            ) CAUSE NO.  49D04-2206-PL-019908
   Plaintiff                            )
                                        )
                                        )
       vs,                              )
MARION COUNTY SHERIFF'S                 )
DEPARTMENT, aka                         )
SHERIFF KERRY FORESTAL,                 )
WELLPATH, LLC, aka CORRECT CARE         )
SOLLUTIONS,                             )
et al, Defendants                       )

To Defendant:    _Tina Fields ,  ID# 43192_
                 _MCSD_
                 _675 Justice Way_
                 _Indpls, IN 46203_

        You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

        If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

        If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

        If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated:_____                    _____  _____
                                            **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____Registered or Certified Mail
_____Service on Individual—address above
___xx_ Service on Individual at place of employment—address above _____
_____Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
**SEAL**
INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
    **PRINTED NAME**

    _____
    **SIGNATURE_**

# SUMMONS

STATE OF INDIANA              IN THE MARION SUPERIOR   COURT

JOHN LEE SMITH, Jr.                    )
as Administrator of the                )
ESTATE OF JAMES LEROY SMITH,           ) CAUSE NO.  49D04-2206-PL-019908
    Plaintiff                          )
                                       )
                                       )
       vs,                          )
MARION COUNTY SHERIFF'S                )
DEPARTMENT, aka                        )
SHERIFF KERRY FORESTAL,                )
WELLPATH, LLC, aka CORRECT CARE        )
SOLLUTIONS,                            )
et al, Defendants                      )

To Defendant:    Rachel Crabtree

                MCSD

                675 Justice Way

                Indpis. IN 46205

       You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

       If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

       If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

       If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_                    _____
                                    **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx_ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*(MARION COUNTY COURTS SEAL INDIANA)*

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

**By:**_____
**PRINTED NAME**

_____
**SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**                **IN THE MARION SUPERIOR   COURT**

| | |
|---|---|
| **JOHN LEE SMITH, Jr.** | ) |
| **as Administrator of the** | ) |
| **ESTATE OF JAMES LEROY SMITH,** | ) **CAUSE NO.**  49D04-2206-PL-019908 |
| **Plaintiff** | ) |
| | ) |
| **vs,** | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, aka** | ) |
| **SHERIFF KERRY FORESTAL,** | ) |
| **WELLPATH, LLC, aka CORRECT CARE** | ) |
| **SOLLUTIONS,** | ) |
| ***et al,* Defendants** | ) |

**To Defendant:**    *Kerry Forestal*
*% Mar. Co. Sheriff's Dept.*
*675 Justice Way*
*Inapols., IN 46203*

   You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

   If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

   If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

   If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: 6/29/22

_____
Clerk, Marion County

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx__ **Service on Individual at place of employment—address above** _____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

SEAL — MARION COUNTY COURTS — INDIANA

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

_____
**SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**                    **IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| JOHN LEE SMITH, Jr.<br>as Administrator of the<br>ESTATE OF JAMES LEROY SMITH,<br>    Plaintiff<br><br>        vs,<br>MARION COUNTY SHERIFF'S<br>DEPARTMENT, aka<br>SHERIFF KERRY FORESTAL,<br>WELLPATH, LLC, aka CORRECT CARE<br>SOLLUTIONS,<br>*et al*, Defendants | )<br>)<br>) CAUSE NO.  49D04-2206-PL-019908<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

To Defendant:   _Mr. Gray (Civilian)_
_MCSD_
_675 Justice Way_
_Indpls., IN 46203_

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: *6 29-22*                    *Myla A. Eldridge*
                              **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
__XX__ Service on Individual at place of employment—address above
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS

SEAL

INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____

_____.


By:_____
    **PRINTED NAME**


    _____
    **SIGNATURE_**

# SUMMONS

STATE OF INDIANA                    IN THE MARION SUPERIOR   COURT

JOHN LEE SMITH, Jr.                                )
as Administrator of the                            )
ESTATE OF JAMES LEROY SMITH,                       ) CAUSE NO.  49D04-2206-PL-019908
   Plaintiff                           )
                                                   )
                                                   )
    vs,                         )
MARION COUNTY SHERIFF'S                            )
DEPARTMENT, aka                                    )
SHERIFF KERRY FORESTAL,                            )
WELLPATH, LLC, aka CORRECT CARE                    )
SOLLUTIONS,                                        )
et al, Defendants                                  )

To Defendant:  _Deputy Hendry # 31909_
               _MCSD_
               _675 Justice Way_
               _Indpls, IN 46203_

    You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

    If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

    If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

    If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: 6-29-22

_____
Clerk, Marion County

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
__xx__ Service on Individual at place of employment—address above ____
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*(MARION COUNTY COURTS — SEAL — INDIANA)*

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

   _____
   **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**                **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                                    )
as Administrator of the                                )
ESTATE OF JAMES LEROY SMITH,          ) CAUSE NO.   49D04-2206-PL-019908
   Plaintiff                                          )
                                   )
          vs,                                       )
MARION COUNTY SHERIFF'S                     )
DEPARTMENT, aka                                      )
SHERIFF KERRY FORESTAL,                    )
WELLPATH, LLC, aka CORRECT CARE      )
SOLLUTIONS,                                              )
*et al,* Defendants                                      )

To Defendant: _Carin Kottraba, M.D._
_% Reg. Agent for Wellpath, aka Correct Care Solutions_
_1283 Murfreesboro Pike,_
_Suite 500_
_Nashville, TN 37217_

      You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

      If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

      If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

      If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: **6-29-22**                         _____
                                           **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

**__XX__ Registered or Certified Mail**
**_____Service on Individual—address above**
**_____Service on Individual at place of employment—address above**
**_____Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*MARION COUNTY COURTS*
**SEAL**
*INDIANA*

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
    _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
    at_____, which is the dwelling place or usual place of
    abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
    _____.

**By:**_____
      **PRINTED NAME**

      _____
      **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**      **IN THE MARION SUPERIOR COURT**

| | |
|---|---|
| **JOHN LEE SMITH, Jr.** | ) |
| **as Administrator of the** | ) |
| **ESTATE OF JAMES LEROY SMITH,** | ) **CAUSE NO.** 49D04-2206-PL-019908 |
| **Plaintiff** | ) |
| | ) |
| **vs,** | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, aka** | ) |
| **SHERIFF KERRY FORESTAL,** | ) |
| **WELLPATH, LLC, aka CORRECT CARE** | ) |
| **SOLLUTIONS,** | ) |
| *et al,* **Defendants** | ) |

**To Defendant:** _Deputy Henry_
_MCSD_
_675 Justice Way_
_Indpls. IN 46203_

        You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

        If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

        If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

        If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: **6-29-22** _____

_____
**Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__ **xx** **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

**SEAL**
MARION COUNTY COURTS
INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and  a  copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
**PRINTED NAME**

_____
**SIGNATURE_**

Filed: 6/29/2022 7:34 PM
Clerk
Marion County, Indiana

# SUMMONS

**STATE OF INDIANA**        **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                              )
as Administrator of the                          )
ESTATE OF JAMES LEROY SMITH,                     ) CAUSE NO.  49D04-2206-PL-019908
    Plaintiff                                )
                                                 )
                                                 )
       vs,                              )
MARION COUNTY SHERIFF'S                          )
DEPARTMENT, aka                                  )
SHERIFF KERRY FORESTAL,                          )
WELLPATH, LLC, aka CORRECT CARE                  )
SOLLUTIONS,                                      )
*et al,* Defendants                              )

**To Defendant:**  _Nurse Hayden_
_MCSD_
_675 Justice Way_
_Indpls, IN  46203_

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: **6-29-22**                    _____ _____

                                      **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__ **xx Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*MARION COUNTY COURTS*
**SEAL**
*INDIANA*

**RETURN OF SERVICE OF SUMMONS**

**I hereby certify that I have served this summons on the ____ day of _____, 2022:**

**(1) By delivering a copy of the** Summons and a copy of the complaint **to the Defendant, _____ at Defendant's place of employment.**

**(2) By leaving a copy of the** Summons and a copy of the complaint **at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.**

**(3) Other Service or Remarks:_____**
**_____.**

**By:_____**
**PRINTED NAME**

**_____**
**SIGNATURE**

# SUMMONS

STATE OF INDIANA            IN THE MARION SUPERIOR   COURT

JOHN LEE SMITH, Jr.                          )
as Administrator of the                      )  CAUSE NO.  49D04-2206-PL-019908
ESTATE OF JAMES LEROY SMITH,                 )
    Plaintiff                             )
                                             )
                                             )
    vs,                                   )
MARION COUNTY SHERIFF'S                       )
DEPARTMENT, aka                              )
SHERIFF KERRY FORESTAL,                      )
WELLPATH, LLC, aka CORRECT CARE              )
SOLLUTIONS,                                  )
et al, Defendants                            )

To Defendant: <u>Mr. Mansfield (Civilian)</u>
                 <u>MCSD</u>
                 <u>675 Justice Way</u>
                 <u>Indpls, IN 46203</u>

       You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

       If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

       If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

       If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: **6-29-22**    _____
                        **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__**XX**__ **Service on Individual at place of employment—address above**
____ __**Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
**SEAL**
INDIANA

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
    **PRINTED NAME**

    _____
    **SIGNATURE_**

# SUMMONS

| | |
|---|---|
| **STATE OF INDIANA** | **IN THE MARION SUPERIOR   COURT** |

JOHN LEE SMITH, Jr.                              )
as Administrator of the                          )
ESTATE OF JAMES LEROY SMITH,    ) CAUSE NO.  49D04-2206-PL-019908
    Plaintiff                                    )
                               )
            vs,                                 )
MARION COUNTY SHERIFF'S               )
DEPARTMENT, aka                          )
SHERIFF KERRY FORESTAL,               )
WELLPATH, LLC, aka CORRECT CARE  )
SOLLUTIONS,                                  )
*et al*, Defendants                          )

To Defendant:  _Deputy Reel_
                    _M.C.S.D_
                    _675 Justice Way_
                    _Indpls, IN 46203_

      You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

      If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

      If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

      If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6 -21 -22_____          _____ _____ _____
                                **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
__ xx _ Service on Individual at place of employment—address above _____
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

(SEAL — MARION COUNTY COURTS INDIANA)

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

   _____
   **SIGNATURE_**

# SUMMONS

STATE OF INDIANA   IN THE MARION SUPERIOR   COURT

JOHN LEE SMITH, Jr.      )
as Administrator of the     )
ESTATE OF JAMES LEROY SMITH, ) CAUSE NO.  49D04-2206-PL-019908
  Plaintiff         )
            )
     vs,        )
MARION COUNTY SHERIFF'S  )
DEPARTMENT, aka      )
SHERIFF KERRY FORESTAL,   )
WELLPATH, LLC, aka CORRECT CARE )
SOLLUTIONS,        )
et al, Defendants       )

To Defendant: *Marion County Sheriff's Dept.*
*675 Justice Way*
*Indpls, IN 46203*

   You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

   If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

   If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

   If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_                    _____ _____
                                   **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
__xx_ Service on Individual at place of employment—address above ____
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS

SEAL

INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

   _____
   **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                             )
as Administrator of the                         )
ESTATE OF JAMES LEROY SMITH,                    ) CAUSE NO.  49D04-2206-PL-019908
    Plaintiff                                )
                                             )
                                             )
    vs,                                      )
MARION COUNTY SHERIFF'S                         )
DEPARTMENT, aka                                 )
SHERIFF KERRY FORESTAL,                         )
WELLPATH, LLC, aka CORRECT CARE                 )
SOLLUTIONS,                                     )
*et al,* Defendants                             )

To Defendant:   _Barbara Reeves_

                _MCSD_

                _675 Justice Way_

                _Indpls, IN 46203_

    You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

    If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

    If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

    If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: __6-29-22__                        _____
                                          **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
___xx__ Service on Individual at place of employment—address above _____
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

(SEAL — MARION COUNTY COURTS, INDIANA)

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
**PRINTED NAME**

_____
**SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**      **IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| **JOHN LEE SMITH, Jr.** | ) |
| **as Administrator of the** | ) **CAUSE NO.**  49D04-2206-PL-019908 |
| **ESTATE OF JAMES LEROY SMITH,** | ) |
|     **Plaintiff** | ) |
|  | ) |
|     **vs,** | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, aka** | ) |
| **SHERIFF KERRY FORESTAL,** | ) |
| **WELLPATH, LLC, aka CORRECT CARE** | ) |
| **SOLLUTIONS,** | ) |
| ***et al,* Defendants** | ) |

To Defendant: *Supervisor Middleton*
                      *MCSD*
                      *675 Justice Way*
                      *Indpls, IN 46204*

       **You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.**

       **If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.**

       **If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.**

       **If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.**

Dated: _6-29-22_                    _____

                                    **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____Registered or Certified Mail
_____Service on Individual—address above
\_\_**XX**\_\_Service on Individual at place of employment—address above
_____Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
SEAL
INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the \_\_\_\_ day of _____,
2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

   _____
   **SIGNATURE_**

## SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                    )
as Administrator of the                )
ESTATE OF JAMES LEROY SMITH,           ) CAUSE NO.  49D04-2206-PL-019908
   Plaintiff                        )
                                       )
                                       )
      vs,                          )
MARION COUNTY SHERIFF'S                )
DEPARTMENT, aka                        )
SHERIFF KERRY FORESTAL,                )
WELLPATH, LLC, aka CORRECT CARE        )
SOLLUTIONS,                            )
*et al,* Defendants                    )

To Defendant:    *Deputy Roberts #30815*
*MCSD*
*675 Justice Way*
*Indpls. IN 46203*

    You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

    If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

    If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

    If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_

_____ _____
                    **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx_ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

SEAL
MARION COUNTY COURTS
INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

**By:**_____
      **PRINTED NAME**

      _____
      **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                )
as Administrator of the            ) CAUSE NO.  49D04-2206-PL-019908
ESTATE OF JAMES LEROY SMITH,       )
    Plaintiff                      )
                                   )
                                   )
    vs,                            )
MARION COUNTY SHERIFF'S            )
DEPARTMENT, aka                    )
SHERIFF KERRY FORESTAL,            )
WELLPATH, LLC, aka CORRECT CARE    )
SOLLUTIONS,                        )
*et al,* Defendants                )

**To Defendant:**   _Eric Smith_
_MCSD_
_675 Justice Way_
_Indpls, IN 46203_

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated:_____                    _____ _____ _____
                                                   **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
___**xx**_ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

SEAL — MARION COUNTY COURTS — INDIANA

**RETURN OF SERVICE OF SUMMONS**
**I hereby certify that I have served this summons on the ____ day of _____,**
**2022:**

**(1) By delivering a copy of the** Summons and a copy of the complaint **to the Defendant,**
**_____ at Defendant's place of employment.**

**(2) By leaving a copy of the** Summons and  a  copy of the complaint
**at_____, which is the dwelling place or usual place of**
**abode of and by mailing a copy of said summons to said Defendant at the above address.**

**(3) Other Service or Remarks:_____**
**_____.**

**By:_____**
     **PRINTED NAME**

     _____
     **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**            **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                           )
as Administrator of the                       )
ESTATE OF JAMES LEROY SMITH,                  ) CAUSE NO.  49D04-2206-PL-019908
    Plaintiff                                )
                                              )
                                              )
    vs,                                      )
MARION COUNTY SHERIFF'S                        )
DEPARTMENT, aka                               )
SHERIFF KERRY FORESTAL,                       )
WELLPATH, LLC, aka CORRECT CARE               )
SOLLUTIONS,                                   )
et al, Defendants                             )

To Defendant: _Deputy 515co # 42915_

               _MCSD_

               _675 Justice Way_

               _Indpls., IN 46203_

    You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

    If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

    If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

    If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _6-29-22_       _____

                                    **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
\_\_xx\_ Service on Individual at place of employment—address above \_\_\_\_
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*MARION COUNTY COURTS*
**SEAL**
*INDIANA*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the \_\_\_\_ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.


                         **By:**_____
                             **PRINTED NAME**

                         _____
                         **SIGNATURE\_**

# SUMMONS

**STATE OF INDIANA**                    **IN THE MARION SUPERIOR   COURT**

| | |
|---|---|
| JOHN LEE SMITH, Jr. | ) |
| as Administrator of the | ) |
| ESTATE OF JAMES LEROY SMITH, | ) **CAUSE NO.** 49D04-2206-PL-019908 |
|   Plaintiff | ) |
| | ) |
| | ) |
| vs, | ) |
| MARION COUNTY SHERIFF'S | ) |
| DEPARTMENT, aka | ) |
| SHERIFF KERRY FORESTAL, | ) |
| WELLPATH, LLC, aka CORRECT CARE | ) |
| SOLLUTIONS, | ) |
| *et al,* Defendants | ) |

To Defendant:  _Deputy Talbot_
_MCSD_
_675 Justice Way_
_Indps, IN 46203_

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: _4-29-22_                    _____
                                    **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx__ **Service on Individual at place of employment—address above** _____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

SEAL — MARION COUNTY COURTS — INDIANA

**RETURN OF SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.


By:_____
    **PRINTED NAME**

    _____
    **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

JOHN LEE SMITH, Jr.                          )
as Administrator of the                      )
ESTATE OF JAMES LEROY SMITH,                 ) **CAUSE NO.** 49D04-2206-PL-019908
    **Plaintiff**                           )
                                           )
                                           )
    **vs,**                                 )
MARION COUNTY SHERIFF'S                      )
DEPARTMENT, aka                              )
SHERIFF KERRY FORESTAL,                      )
WELLPATH, LLC, aka CORRECT CARE              )
SOLLUTIONS,                                  )
*et al,* **Defendants**                      )

To Defendant:  _Tanya Shaw_
                _MCSD_
                _675 Justice Way_
                _Indpls., IN 46203_

    You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

    If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

    If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

    If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: **6-29-22**                      _____
                                        **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
__xx__ Service on Individual at place of employment—address above _____
_____ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*(Seal: MARION COUNTY COURTS — SEAL — INDIANA)*

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
   **PRINTED NAME**

   _____
   **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**        **IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| **JOHN LEE SMITH, Jr.**<br>**as Administrator of the**<br>**ESTATE OF JAMES LEROY SMITH,**<br>    **Plaintiff**<br><br>                **vs,**<br>**MARION COUNTY SHERIFF'S**<br>**DEPARTMENT, aka**<br>**SHERIFF KERRY FORESTAL,**<br>**WELLPATH, LLC, aka CORRECT CARE**<br>**SOLLUTIONS,**<br>***et al,* Defendants** | )<br>)<br>) **CAUSE NO.** 49D04-2206-PL-019908<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**To Defendant:**   _Deputy Ulayi_
_NCSD_
_675 Justice Way_
_Indpls., IN 46203_

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: 6-29-22                    Myla A. Eldridge
                                  **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx__ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

*[SEAL — MARION COUNTY COURTS · INDIANA]*

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____,
2022:

(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the <u>Summons and a copy of the complaint</u>
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
**PRINTED NAME**

_____
**SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR  COURT**

|  |  |
|---|---|
| **JOHN LEE SMITH, Jr.** | ) |
| **as Administrator of the** | ) |
| **ESTATE OF JAMES LEROY SMITH,** | ) **CAUSE NO.  49D04-2206-PL-019908** |
| **Plaintiff** | ) |
|  | ) |
|  | ) |
| **vs,** | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, aka** | ) |
| **SHERIFF KERRY FORESTAL,** | ) |
| **WELLPATH, LLC, aka CORRECT CARE** | ) |
| **SOLLUTIONS,** | ) |
| *et al,* **Defendants** | ) |

**To Defendant:** _Civilian - Williams_
_MCSD_
_675 Justice Way_
_Indianapolis, IN 46203_

You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated:_____            _____ _____ _____
                                        **Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ Registered or Certified Mail
_____ Service on Individual—address above
___ XX Service on Individual at place of employment—address above
____ __ Private Service

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
**SEAL**
INDIANA

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant, _____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
     **PRINTED NAME**

     **SIGNATURE_**

# SUMMONS

**STATE OF INDIANA**            **IN THE MARION SUPERIOR   COURT**

**JOHN LEE SMITH, Jr.** )
**as Administrator of the** )
**ESTATE OF JAMES LEROY SMITH,** )  **CAUSE NO.** 49D04-2206-PL-019908
   **Plaintiff** )
 )
 )
**vs,** )
**MARION COUNTY SHERIFF'S** )
**DEPARTMENT, aka** )
**SHERIFF KERRY FORESTAL,** )
**WELLPATH, LLC, aka CORRECT CARE** )
**SOLLUTIONS,** )
***et al*, Defendants** )

**To Defendant:**    _Wellpath, LLC_
                     _aka Correct Care Solutions_

                     _% Registered Agent_
                     _1283 Murfreesboro Pike, Ste 500_
                     _Nashville, TN 37217_

   You are hereby notified that you have been sued by the Plaintiff that a cause of action has
been initiated against you. You have 21 days to respond to this Complaint.

   If this summons is accompanied by an Order to Appear, you must appear in Court on the
date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your
absence and a determination made by the Court.

   If you wish to retain an attorney to represent you in this matter, it is advisable to do so before
the date stated in the Order to Appear.

   If you take no action in this case after receipt of this summons, the Court can make a
determination regarding any of the following: damages and equitable relief, attachment of assets,
and other means to satisfy a judgment against you.

Dated: 6-29-22

Clerk, Marion County

(The following manner of Service of Summons is hereby designated.)

**XX** Registered or Certified Mail
_____ Service on Individual—address above
**XX** Service on Individual at place of employment—address above
_____ Private Service

Attorney for Plaintiff:
Kay A. Beehler
Ind. Bar No. 10777-49
313 S. Fruitridge Ave.
Terre Haute, IN 47803
410-591-1859
beehler924@gmail.com

MARION COUNTY COURTS

SEAL

INDIANA

### RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____,
2022:

(1) By delivering a copy of the Summons and a copy of the complaint to the Defendant,
_____ at Defendant's place of employment.

(2) By leaving a copy of the Summons and a copy of the complaint
at_____, which is the dwelling place or usual place of
abode of and by mailing a copy of said summons to said Defendant at the above address.

(3) Other Service or Remarks:_____
_____.

By:_____
    PRINTED NAME

    _____
    SIGNATURE_

# SUMMONS

**STATE OF INDIANA**          **IN THE MARION SUPERIOR   COURT**

|  |  |
|---|---|
| **JOHN LEE SMITH, Jr.** ) | |
| as Administrator of the ) | **CAUSE NO.** 49D04-2206-PL-019908 |
| **ESTATE OF JAMES LEROY SMITH,** ) | |
| Plaintiff ) | |

**JOHN LEE SMITH, Jr.**
**as Administrator of the**
**ESTATE OF JAMES LEROY SMITH,**
    Plaintiff

      vs,

**MARION COUNTY SHERIFF'S**
**DEPARTMENT, aka**
**SHERIFF KERRY FORESTAL,**
**WELLPATH, LLC, aka CORRECT CARE**
**SOLLUTIONS,**
*et al,* **Defendants**

) CAUSE NO.  49D04-2206-PL-019908

To Defendant:   _Deputy Watley #H3333_
_MCSD_
_675 Justice Way_
_Indpls, IN 46203_

    You are hereby notified that you have been sued by the Plaintiff that a cause of action has been initiated against you. You have 21 days to respond to this Complaint.

    If this summons is accompanied by an Order to Appear, you must appear in Court on the date and time stated in the Order to Appear. If you do not appear, evidence may be heard in your absence and a determination made by the Court.

    If you wish to retain an attorney to represent you in this matter, it is advisable to do so before the date stated in the Order to Appear.

    If you take no action in this case after receipt of this summons, the Court can make a determination regarding any of the following: damages and equitable relief, attachment of assets, and other means to satisfy a judgment against you.

Dated: **6-29-22**          _____

**Clerk, Marion County**

**(The following manner of Service of Summons is hereby designated.)**

_____ **Registered or Certified Mail**
_____ **Service on Individual—address above**
__xx__ **Service on Individual at place of employment—address above** ____
_____ **Private Service**

**Attorney for Plaintiff:**
**Kay A. Beehler**
**Ind. Bar No. 10777-49**
**313 S. Fruitridge Ave.**
**Terre Haute, IN 47803**
**410-591-1859**
**beehler924@gmail.com**

MARION COUNTY COURTS
SEAL
INDIANA

### RETURN OF SERVICE OF SUMMONS

**I hereby certify that I have served this summons on the ____ day of _____, 2022:**

**(1) By delivering a copy of the <u>Summons and a copy of the complaint</u> to the Defendant, _____ at Defendant's place of employment.**

**(2) By leaving a copy of the <u>Summons and a copy of the complaint</u> at_____, which is the dwelling place or usual place of abode of and by mailing a copy of said summons to said Defendant at the above address.**

**(3) Other Service or Remarks:_____**
**_____.**

**By:_____**
    **PRINTED NAME**

    **_____**
    **SIGNATURE_**