## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN LEE SMITH, JR., as Administrator of the ESTATE OF JAMES LEROY SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MARION COUNTY SHERIFF'S DEPARTMENT a.k.a. SHERIFF KERRY FORESTAL; WELLPATH a.k.a. CORRECT CARE SOLUTIONS, EMPLOYEES and/or CONTRACTORS OF WELLPATH a.k.a. CORRECT CARE SOLUTIONS, et al. | ) ) ) ) ) ) ) | Case No. 1:22-CV-1367 JRS-TAB |
| Defendants, | ) ) | |

## <u>DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>

Defendants Marion County Sheriff's Office, aka Sheriff Kerry Forestal, and individually named employees (collectively "MCSO Defendants"), by counsel, respectively submit their response in objection to Plaintiff's Motion for Leave to File First Amended Complaint ("Motion"), and in support state as follows.

## I.    Introduction

Plaintiff's proposal to amend its Complaint to add 13 new individual MCSO Defendants (hereafter referred to as "New Defendants") should be denied because the claims against them are time-barred, as the statute of limitations on its cause of action expired on October 17, 2022. Further, the proposed claims do not relate back under Fed. R. Civ. P. 15(c)(1)(C). There was no "mistake" concerning the proper parties' identities. *See* Rule 15(c)(1)(C)(ii). As such, Plaintiff's proposal to add the New Defendants is futile, and its Motion should be denied.

## II.    Argument

### A.  Legal Standards

Claims made under Section 1983 "are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996), citing *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989). In Indiana, personal injury actions, including wrongful death actions, are governed by a 2-year statute of limitations. Indiana Code § 34-11-2-4; § 34-23-1-1 *et seq*.

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed.R.Civ.P. 15(a).  Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir.2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or, as is the case here, futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir.2003).

Under Rule 15(c)(1)(C), an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading so long as: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) "within the period provided by Rule 4(m)," the party added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021).

**B. Plaintiff's proposed claims against the New Defendants do not relate back under Rule 15(c)(1)(C) and are therefore time-barred.**

Plaintiff waited too long to sue the New Defendants for any alleged constitutional violations. The "John Doe Defendants" named in the initial complaint do not suffice as a placeholder for purposes of the statute of limitations, and Plaintiff's proposed claims against the New Defendants do not relate back to the original complaint under Rule 15(c)(1)(C). In short, Plaintiff's proposed amendment to add the New Defendants is futile and therefore should be denied..

Plaintiff's decedent died on October 17, 2020.  Given the applicable two-year statute of limitations, Plaintiff needed to sue the individual officers, at the latest, by October 17, 2022.  It failed to do so. Instead, Plaintiff sued the Marion County Sheriff's Office, 18 other individual MCSO Defendants, and "individuals unknown at this time who may become known through discovery"(hereafter "John Doe Defendants"), in its Complaint filed on June 14, 2022. (Doc. 001-1).

The statute of limitations ran on October 17, 2022, which is two years from the decedent's date of death.  On April 11, 2023, almost 6 months after the statute of limitations expired, Plaintiff filed its motion seeking to amend its Complaint to add the 13 New Defendants for a grand total of twenty-five (25) MCSO Defendants sued in their individual capacities.[1] Plaintiff's Motion should be denied, as its attempt to add the 13 new officers as individual defendants in this lawsuit is barred by the statute of limitations, and because there is no relation back available under Rule 15(c)(1)(C).

Plaintiff is asking the Court for leave to "change the party or the naming of the party" by adding the New Defendants as parties to the lawsuit. As such, Rule 15(c)(1)(C) is at issue here.  The purpose of Rule 15(c)(1)(C) is to allow amended complaints to relate back to original filings for

---

[1] Plaintiff's proposed amended complaint does not include six (6) individual MCSO defendants from the original Complaint (Henry, Collins, Gray, Smith, Williams, and Mansfield). Therefore, those defendants should be dismissed.

statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant. *See Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)(Relation back applies when the amendment is made "to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued.").

To meet the requirements of Rule 15(c)(1)(C), Plaintiff must show the following:

    a.   The amendment asserts a claim that arose out of the occurrence alleged in the original pleading; **and**

    b.   By September 12, 2022, each of the 13 New Defendants:

        i.   Received notice of Plaintiff's claim; **and**

        ii.   Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff's proposed amendment complies with the first requirement of Rule 15(c)(1)(C), in that it asserts the same claim as the original Complaint. However, Plaintiff's Motion does not – and cannot – meet the second requirement, because there was no "mistake" concerning the proper parties' identities.

1.   <u>There was no mistake concerning the proper parties' identities.</u>

Rule 15(c)(1)(C)(ii)'s "mistake" clause does not apply when the plaintiff simply lacks knowledge of the proper defendant. *Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021), quoting *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006). In *Hall*, a plaintiff timely sued the wrong corporation and later moved to amend the complaint to add the proper defendant. *Id.* at 497. "By the time he filed a motion to amend, the limitations period had expired, so the plaintiff could amend the complaint only if it related back to his original pleading." *Id.* The plaintiff argued that this

constituted a mistake concerning the proper party's identity, but the *Hall* court disagreed, concluding that "'[a] plaintiff's ignorance or misunderstanding about who is liable for his injury' does not satisfy Rule 15(c)'s mistake requirement." *Id.*

Similarly, naming a John Doe defendant is not a "mistake" for purposes of Rule 15(c)(1)(C)(ii). *Hall*, 469 F.3d 590, 596. The Seventh Circuit has long adhered to this "John Doe rule." *Herrera* at 497, citing *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993); and *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). "[T]he definition of 'mistake' under Rule 15(c)(1)(C)(ii) does not extend to a John Doe scenario. . . " *Herrera* at 498. Suing a John Doe defendant "is a conscious choice, not an inadvertent error." *Id.* at 499, citing *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019)("[A]n amendment to replace a John Doe defendant is made not to correct a mistake but to correct a lack of knowledge and is therefore not a mistake under Rule 15(c)(1)(C).").

There was no mistake concerning the identities of the Defendants sued by Plaintiff in the original complaint. Further, Plaintiff's inclusion of a "John Doe" Defendant as a placeholder for adding more individual defendants later is not a "mistake" for purposes of Rule 15(c)(1)(C)(ii). As such, Plaintiff fails to meet the requirements of the relation-back rule and its Motion should be denied.

### III.    Conclusion

Plaintiff's attempt to sue 13 individual MCSO defendants six months after the statute of limitations expired is time-barred. Since there was no mistake as to the proper parties' identities in the original Complaint, there is no Rule 15 relation back. For these reasons, and in the interest of justice, Plaintiff's Motion should be denied.

FROST BROWN TODD LLP

By: /s/ Anthony W. Overholt

Anthony W. Overholt, #16481-49
Amy Stewart Johnson, #16257-49
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed on this 20th day of April, 2023 to the following:

Kay A. Beehler
313 S. Fruitridge Ave.
Terre Haute, IN 47803
Beehler924@gmail.com

Christopher P. Shema
506 Ohio Street, Suite 1
Terre Haute, IN 47808
cshema@shemalaw.com

Carol A. Dillon
Austin R. Andreas
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, IN 46250-4365
carol@bleekedilloncrandall.com
austin@bleekedilloncrandall.com

/ s / Anthony W. Overholt

FROST BROWN TODD LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
asjohnson@fbtlaw.com

LR10348.0975408  4862-4051-3373v7