UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN LEE SMITH, JR., <br> ESTATE OF JAMES LEROY SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> MARION COUNTY SHERIFF'S DEPARTMENT et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:22-cv-01367-JRS-TAB <br> ) <br> ) <br> ) <br> ) <br> ) |

**Order Granting Motion for Leave to Amend and
Denying Motion for Judgment on the Pleadings as Moot**

On October 17, 2020, James Earl Smith—an inmate at the Marion County Jail—was found dead. Mr. Smith's brother—acting as the administrator of Mr. Smith's estate—filed this lawsuit on June 14, 2022, in state court seeking to hold various defendants liable for Mr. Smith's death. Dkt. 1-1 at 34 (state court docket sheet). The case was later removed to this Court. Dkt. 1 (notice of removal). The original complaint named multiple defendants, who can be divided into two groups—defendants associated with the Jail ("Correctional Defendants") and defendants associated with the medical-care contractor at the Jail ("Medical Defendants"). Dkt. 1-1 at 6–17 (complaint). The original complaint also purported to sue various defendants whose identities were unknown as of the filing of the complaint. *Id.* After removal, the Correctional Defendants (to the extent they had been served) answered. *See, e.g.*, dkts. 20, 46, 64, 66, 71. The Medical Defendants (again, to the extent they had been served) also answered, dkts. 21, 72, 85, but later filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(b)(c), dkt. 23. Two later-served Medical Defendants filed a motion to join in that motion for judgment on the pleadings. Dkt. 86.

Plaintiff then filed a motion tor leave to file an amended complaint. Dkt. 89. In the proposed amended complaint, Plaintiff gives names to multiple previously unidentified defendants and adds some details as to his claims. Dkt. 89-1. The Correctional Defendants oppose the motion for leave to amend because the claims against the newly identified defendants do not relate back to the original complaint under Rule 15(c)(1) and are time-barred. Dkt. 93. The Medical Defendants oppose the motion for leave to amend because the proposed amended complaint does not rectify any of the problems identified in their motion for judgment on the pleadings. Dkt. 90. That is, both sets of defendants contend that amendment would be futile.

Because the defendants oppose the motion for leave to amend, Plaintiff may amend the complaint only with the Court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), a court should "freely give leave [to amend] when justice so requires." A court has discretion to deny a motion for leave to amend, however, "where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where the amendment would be futile." *Thomas v. Dart*, 39 F.4th 835, 840 (7th Cir. 2022).

Plaintiff's original complaint was filed within the two-year statute of limitations, but the proposed amended complaint was not. The Correctional Defendants argue that allowing Plaintiff to file the amended complaint would be futile because the claims against the newly identified defendants do not "relate back" to the original complaint under Rule 15(c) and are, thus, time-barred. Dkt. 93. But the Seventh Circuit has explained that Rule 15(c) "is about relation back of amendments; it is not about whether to permit an amendment, which is the subject of Rules 15(a)(and (b)." *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011). Where a party seeks leave to amend a complaint, the district court "should [allow] the amendment" and then consider whether the amendment relates back under Rule 15(c). *Id.*

The Medical Defendants also have objections to allowing Plaintiff to file his proposed amended complaint. At this point, however, there appears to be no dispute that the proposed amended complaint states a claim as to at least some of the named defendants—specifically, the Correctional Defendants who were named in the original complaint and filed answers. Moreover, the Medical Defendants' opposition to the motion for leave to amend does not specifically explain why the proposed amendment is futile as to Plaintiff's state-law claims. And it incorrectly states that "[t]he only differing allegation in Plaintiff's *Proposed First Amended Complaint* from the operative *Complaint* as it relates to constitutional claims against Wellpath relates to a national study on private equity owned prison support services companies with government contracts with no direct mention of Wellpath." Dkt. 90 at 3. Without taking a position as to whether the proposed first amended complaint adequately states a claim against any of the Medical Defendants, the Court notes that the proposed amended complaint includes additional allegations that arguably implicate Plaintiff's constitutional and state-law claims against the Medical Defendants and that the Medical Defendants have failed to explain why Plaintiff's claims against them are still insufficient in light of those allegations. *See, e.g.*, dkt. 89-1 at 8 ¶¶ 27–28 (alleging that Defendant Barbara Reeves saw Mr. Smith acting erratically and reportedly related that information to an unnamed medical staff member, but Mr. Smith was never seen by medical personnel; alleging that the unnamed medical staff member reportedly left a note for Defendant Dr. Gashaw regarding what should be done, however records do not reflect any such note).

Given this situation, the Court concludes that justice requires the Court to allow Plaintiff leave to file his amended complaint and to resolve any potential flaws with particular claims against particular defendants via fully briefed motions to dismiss or for judgment on the pleadings.

Accordingly, Plaintiff's motion for leave to file an amended complaint, dkt. [89], is **granted**. The **clerk is directed** to docket the proposed amended complaint, dkt. [89-1], as a separate document titled "First Amended Complaint" with a filing date of April 11, 2023. Because the amended complaint replaces the original complaint, the Medical Defendants' motion for judgment on the pleadings, dkt. [23], and Defendants Brown and Fields's motion to join in the motion for judgment on the pleadings, [86], are **denied as moot**. Nothing in this Order prevents the filing of a proper motion to dismiss of for judgment on the pleadings under Rule 12.

The **clerk is directed** to update the docket to reflect that the defendants to this action are as follows and to **terminate** all other defendants on the docket[1]:

- Marion County Sheriff's Office (MCSO) aka Sheriff Kerry Forestal

- Larrell Alexander

- Keith Middleton

- Felicia Clark

- Augustine Ulayi

- Joshua Roberts

- David Hendry

- Patrick Talbot

- Anthony Sisco

- Robert Reel

- Joshua Cutshall

---

[1] The list of defendants that appears in the caption of the proposed amended complaint is not the same as the list of defendants in the text of the proposed amended complaint. *See* dkt. 89-1. Rule 10(a) provides that every pleading must have a caption that includes, among other things, "a title" and that "[t]he title of the complaint must name all the parties . . . ." Accordingly, the Court uses the list of defendants that appears in the caption of the proposed amended complaint.

- James Whatley
- Taneisha Crear
- Deidra Baker
- Derrick Yocum
- Ricky Phillips
- Austin Le
- Arthur Lapadat
- Olivia Kaldahl
- Regina Jones
- Brandy Hewitt
- Christopher Clayton
- James Floyd
- HIG Holdings d/b/a Wellpath Holdings L.L.C., aka Wellpath, fka Correct Care Solutions, L.L.C., ak/a Wellpath/CCS
- Gerald Boyle
- Carin Kottraba
- Gabra Gachaw
- Tina Fields
- Briann Campbell
- Ayana Brown
- Marsha Cannonier
- Stephanie Carter
- Rachel Crabtree

- Michelle Reed
- Dana Armstrong
- Jessica Grimes
- Jill Johnson
- Josephine Murphy
- Barbara Reeves
- Tanya Shaw

**IT IS SO ORDERED.**

Date: 07/25/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Austin Ryan Andreas
Bleeke Dillon Crandall, P.C.
austin@bleekedilloncrandall.com

Kay A. Beehler
beehler924@gmail.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Amy Stewart Johnson
Frost Brown Todd LLP
asjohnson@fbtlaw.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Christopher P. Shema
Shema Law Firm
cshema@shemalaw.com